### 15183.    LONDON GUARANTEE & ACCIDENT CO. *v.* SHOCKLEY.

1. Upon a review of an award made by the industrial commission under the provisions of the Georgia workmen's compensation act, the commission's findings of fact are, in the absence of fraud, conclusive, provided there is any evidence to support the award.  Ga. L. 1920, p. 199. With respect to the sufficiency of the evidence to support it, such an award stands in this court upon the same footing as the verdict of a jury approved by the trial judge in other cases.
2. "In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of the employee's employment, it must be definitely proved to the satisfaction of the industrial commission  .    . that the hernia did not exist prior to the accident for which compensation is claimed."  Ga. L. 1920, p. 170.  Yet where, as in this case, the claim is for a complete strangulated hernia, proof merely that, prior to the accident from which the complete hernia arose, the claimant showed a possible sign of a partial hernia a few inches from the place of the complete hernia, but not attended by pain or reduced capacity for work, does not even authorize, much less demand, a finding that the hernia alleged to have resulted from the accident in question really existed.

DECIDED MARCH 6, 1924.

Appeal; from Fulton superior court—Judge Humphries.  October 24, 1923.

*Bryan & Middlebrooks,* for plaintiff in error.

*Hendrix & Buchanan,* contra.

LUKE, J.   The evidence sufficiently showed that the employee suffered a complete strangulated hernia under such circumstances as to entitle him to compensation in accordance with the terms of the workmen's compensation act; that both the employer and the insurer refused to provide any medical or surgical treatment, or to allow any compensation for lost capacity for work; that the employee's medical and hospital expenses were much in excess of $100;

and that he was totally incapacitated for work for a period of four weeks. The commissioner who heard the case awarded compensation for three weeks at $15 per week and $100 for medical expenses, leaving the amount of compensation for partial incapacity, if any, for determination upon a subsequent hearing. From that award the insurer appealed to the full commission, and the award was affirmed. The insurer then appealed to the superior court, and the award was again affirmed. The insurer thereupon sued out a writ of error to this court. The sole ground upon which the claim was contested is that dealt with above in the headnotes.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*