## 19174. SOUTHERN SURETY COMPANY *et al. v.* BYCK *et al.*

JENKINS, P. J. 1. The findings of fact of the industrial commissioner before whom the instant claim for compensation under the workmen's compensation law was heard are supported by the evidence, and this court is without authority to disturb the award of compensation to the claimant for the period of his disability.

2. By section 26 of the workmen's compensation act (Ga. L. 1920, p. 167; Michie's Annotated Code, 1926, § 3154 (26)), the period during which an employer is required to furnish medical attention to an injured employee is limited to "not exceeding thirty days after an accident," and by that section and the next succeeding section the pecuniary liability of the employer for "medical, surgical and hospital service" is limited to $100. *Lumbermen's Mutual Casualty Co.* v. *Chandler,* 162 *Ga.* 244 (133 S. E. 237). While, by the provisions of section 26 above mentioned, an employer may "at his own option," after the expiration of thirty days, continue to furnish medical treatment to the employee, and the employee is required to accept "such surgical and hospital service and supplies as may be deemed necessary by said attending physician or the industrial commission," the pecuniary liability of the employer for such services "when ordered by the commission" is, by section 27 of the act, expressly limited to $100, and in the instant case there is no proof tending to show that the employer consented to the continuation of medical treatment for the employee for a period longer than

thirty days, or that he agreed to become liable for a greater amount than $100.

3. The provisions of section 2 (e) of the workmen's compensation act, which require that "all hernia, inguinal, femoral or otherwise, so proven to be the result of an injury by accident arising out of and in the course of employment, shall be treated in a surgical manner by radical operation," must be taken as subject to the provisions of sections 26 and 27 which limit the liability of the employer for any such treatment to a period of thirty days following the accident, and the sum of $100.

4. Under the foregoing rulings, the order of the commission, in so far as it awarded compensation to the claimant for the period of his disability, was authorized, but in so far as it directed the payment of "reasonable medical, surgical and hospital expenses incurred in this case," it was not authorized. Accordingly, the judgment of the court below affirming the award will be affirmed, with direction that the award be amended so as to provide for the payment of the claimant's medical and hospital expenses for the period of thirty days following the accident, not exceeding the sum of $100.

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*

DECIDED MAY 15, 1929.

*Anderson, Cann & Cann, McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Kravitch & Wiseman,* contra.