20237. SULLIVAN *v.* SOCIAL CIRCLE COTTON MILLS.

JENKINS, P. J. 1. The findings of fact by the industrial commission, when supported by the evidence, are binding upon the courts. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75).

2. "In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of the employee's employment, it must be definitely proved to the satisfaction of the industrial commission: first, that there was an injury resulting in hernia; second, that the hernia appeared suddenly; third, that it was accompanied by pain; fourth, that the hernia immediately followed an accident; fifth, that the hernia did not exist prior to the accident for which compensation is claimed." Workmen's compensation act, § 2(e), Acts 1920, pp. 167, 170; 9 Park's Code Supp. 1922, § 3154(e). Accordingly, since the evidence in the instant case authorized the finding of the industrial commission that the only disability suffered by the claimant by reason of an accident arising out of and in the course of his employment consisted in pain and suffering from a hernia which existed prior to the accident, the award of the commission denying compensation was authorized and can not be set aside. Especially would such a rule apply where, as here, the medical testimony authorized the conclusion that the fall sustained by the claimant merely knocked off his truss, and

caused a temporary protrusion of the intestines through the existing hernia, and that there was no enlargement or aggravation of the pre-existing. hernia condition.

3. The judge of the superior court did not err in affirming the award of the industrial commission denying compensation.

Judgment affirmed. Stephens and Bell, JJ., concur.

DECIDED AUGUST 28, 1930.

*William H. Smith,* for plaintiff.

*Harry L. Greene, McDaniel, Neely & Marshall,* for defendant.