22609. LLOYDS CASUALTY COMPANY *et al. v.* EUBANKS.

DECIDED JANUARY 21, 1933.

*Smith, Hammond, Smith & Bloodworth, William H. Smith,* for plaintiffs in error. *James C. Davis,* contra.

SUTTON, J. Where a physician is called by an employer to treat an employee injured during the course of his employment, which injury is compensable under the workmen's compensation act, and where in treating the employee it becomes necessary for the physician to place him in a hospital and operate upon him, which the physician does, and where the employee is awarded compensation for the injury and paid compensation, including $100 to be applied towards his medical expenses, which he pays to the hospital; and where, upon rendition to the employer by the physician of a bill for $100 for services rendered in treating the employee, the employer refuses to pay the bill, can the industrial commission award to the physician $100 for his services in treating the injured employee at the instance of the employer? Section 26 of the workmen's compensation act (Ga. L. 1920, p. 181; Michie's Code, 1926, § 3154 (26)) provides that the total liability of the employer for medical attention to the injured employee shall not exceed $100. Section 27 thereof provides that the pecuniary liability of the employer for medical, surgical and hospital expenses shall not, in any event, exceed the aggregate of $100 in amount. It has been held that, under these two sections, the commission has no authority to award to the employee over $100 for medical, surgical, and hospital expenses, without an agreement by the employer to become liable for more. *Lumbermen's Mutual Casualty Co.* v. *Chandler,* 35 *Ga. App.* 464 (134 S. E. 122) ; *Lumbermen's Mutual Casualty Co.* v. *Chandler,* 162 *Ga.* 244 (133 S. E. 237). The other sections of the workmen's compensation act, relating to the award of compensation for injury, treatment of the employee by a physician, and the supervision of the industrial commission over the fees of physicians, surgeons, and medical expenses, should be construed in the light of sections

26 and 27 of the act, which limit the liability of the employer to not more than $100 for all medical, surgical and hospital expenses. *Southern Surety Co.* v. *Byck,* 39 *Ga. App.* 699 (148 S. E. 294). Under the workmen's compensation act, the industrial commission had no authority to require the employer to pay a money award to a physician furnished by it to the injured employee for his services in attending the injured employee in excess of $100, in the absence of an agreement to become liable for more. It might be that the physician would have a remedy at law by an action against the employer, if it ordered the services of the physician and refused to pay for them, but the industrial commission has no authority, under the law, to require the employer to pay more than the amount provided in the act, in the absence of an agreement to become liable for more. See, in this connection, Bee Hive Mining Co. *v.* Industrial Commission, 144 Va. 240 (132 S. E. 177).

It follows that the court erred in affirming the award of the commission finding the employer liable for an additional $100 for medical, surgical, and hospital expenses and ordering payment of this sum to the physician.

*Judgment reversed, Jenkins, P. J., and Stephens, J., concur.*