28181. LITTLEJOHN *v.* PIEDMONT HOTEL.

DECIDED JUNE 14, 1940.

*Linton S. James*, for plaintiff.
*T. Elton Drake, Edward B. Lovell*, for defendant.

STEPHENS, P. J. Alberta Littlejohn filed with the Department of Industrial Relations a claim for compensation on account of the

death of her husband, Willie Littlejohn. At the hearing the following facts appeared: Marie Littlejohn claimed that she was the widow of the deceased. Willie Littlejohn was employed by the Piedmont Hotel as an ice man at a weekly wage of $9.69. The Continental Casualty Company was the insurance carrier of the Piedmont Hotel. The duties of Willie Littlejohn consisted in lifting blocks of ice. On January 12, 1939, Littlejohn was found in the basement of the hotel, near the ice machine where he performed his duties, suffering from a strangulated hernia. There were no witnesses to any accident. He was quickly taken to the hotel physician, who stated that Littlejohn was in a precarious condition, and advised an immediate operation. He was operated on, and three days thereafter developed pneumonia, dying within two or three days. During 1930 and 1931 Willie Littlejohn had left his home in Cordele and came to Atlanta, and subsequently obtained a job with the Piedmont Hotel. Before leaving Cordele he had sustained an accidental injury, while "handling some barrels," which "tore him loose inside and caused him to be ruptured." He was told by his physician to obtain a truss, but could not find one in Cordele. After coming to Atlanta he procured a truss which he wore until a little more than a year before January 12, 1939. During the period immediately preceding this date he had a protrusion in his groin. On January 12, 1939, about noon, he complained of a pain in his stomach, and shortly thereafter he was found in the basement of the hotel near the ice machine, and was sent to the hotel physician, when it was discovered that he was suffering from a strangulated hernia and was in a serious condition. The physician communicated with the hotel, and, upon explaining the seriousness of Willie Littlejohn's condition, was told to operate on him. After the operation he developed pneumonia, and died on January 20, 1939. He informed the physician who examined him that he began suffering pain while he was lifting ice. It appeared from the testimony of Marie Littlejohn, who had lived with Willie continuously for a period of almost a year before January 12, 1939, and from the testimony of a brother, that for some time before January 12, 1939, Willie Littlejohn was suffering from hernia which was evidenced by a protrusion in his groin, and that this hernia which became strangulated on that date was not a new hernia.

The deputy director, before whom the hearing was conducted,

found as a matter of fact, and ruled as a matter of law, that Willie Littlejohn did not sustain an accidental injury arising out of and in the course of his employment on January 12, 1939; that the hernia for which the operation was performed was an old hernia which slipped down through the right inguinal ring while the decedent was performing the usual duties of his employment, and without any accident, and that it immediately became strangulated; that the death of the decedent resulted from pneumonia which developed as a result of his weakened physical condition following the operation performed for a pre-existing hernia, which was in no way caused or aggravated by accidental injury, but which merely became strangulated while he was performing his regular duties after it had been in existence for a number of years; that the claimant had "failed to carry the burden of proving by showing that the hernia for which the operation was performed resulted from an accidental injury arising out of and in the course of the decedent's employment;" that "the hernia appeared suddenly following the accident and was accompanied by pain, and that it did not exist prior to the accident; . . that the hernia existed for a number of years prior to the date of the alleged accident, and that it became strangulated while the decedent was in the performance of his usual duties, and not as a result of an accidental injury." Therefore the director found that no compensation was payable for the death of the deceased. From this finding Alberta Littlejohn appealed to the board, where the award was affirmed. She filed her appeal to the superior court, and to the judgment of that court affirming the award of the Industrial Board she excepted.

"In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of the employee's employment it must be definitely proved to the satisfaction of the Department of Industrial Relations [Industrial Board, see Ga. L. 1937, pp. 230, 232, 233, 235]: first, that there was an injury resulting in hernia; second, that the hernia appeared suddenly; third, that it was accompanied by pain; fourth, that the hernia immediately followed an accident; fifth, that the hernia did not exist prior to the accident for which compensation is claimed." Code, § 114-412. Where, upon the hearing of a claim for compensation for death resulting from an operation for a hernia, brought under

the above Code section, the evidence adduced before the hearing director authorized a finding by him that the deceased employee had been previously afflicted with the hernia for a number of years, which was evidenced by the protrusion in his groin, and that while he was performing the usual duties of his employment, "and without any accident," the old hernia "slipped down through the right inguinal ring" and became "strangulated," necessitating an immediate operation, an award by the director approved by the board on appeal, denying compensation on the ground that the death of the employee "resulted from hernia following an operation for a preexisting hernia which became strangulated not as the result of an accidental injury but while he was merely performing his usual every-day duties," was properly affirmed by the superior court. See *Sullivan* v. *Social Circle Cotton Mills,* 41 *Ga. App.* 714 (2) (154 S. E. 467). The case of *London Guaranty &c. Co.* v. *Shockley,* 31 *Ga. App.* 762 (122 S. E. 99), is clearly distinguishable from the situation appearing from the facts in this case. The evidence did not show that the pre-existing hernia had been cured and that it was a second hernia, coming within the provisions of the Code, § 114-412, as is the case in *Southern Surety Co.* v. *Byck,* 39 *Ga. App.* 699 (148 S. E. 294). The judge did not err in denying the appeal and affirming the award.

*Judgment affirmed. Sutton and Felton, JJ., concur.*