31330. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* GUNTER.

DECIDED OCTOBER 3, 1946. REHEARING DENIED NOVEMBER 14, 1946.

502

504

508

*Neely, Marshall & Greene,* for plaintiffs in error.
*Joseph D. Quillian,* contra.

GARDNER, J. ■ We have not set forth in detail the findings of fact by the director. A good many of them we deem unnecessary to a determination of the issue before us. The material question is whether there is any evidence to sustain the award of the director, and if so, this court must reverse the judgment of the superior court. On the other hand, if the evidence demands a finding in favor of the claimant, then it is the duty of this court to affirm the judgment of the superior court. In the outset we might state that the finding of the director, to the effect that the evidence does not sustain a finding that the injury resulted in a hernia on the right side and that the pre-existing hernia on the left side did not entitle the claimant to compensation under the Code, § 114-412, is correct. This section deals exclusively with the principle of law regarding compensation for hernia or for death therefrom. Therefore it necessarily follows that, unless the evidence shows that the claimant is entitled to compensation for total or partial disability under some other principle of law under the Workmen's Compensation Act, the claimant is not entitled to prevail in this case. Able counsel for the employer and carrier cite a number of decisions to sustain their contention that this court—in the discharge of its duty to construe the award most favorably to the employer and insurance carrier so as to sustain it, and by applying the principle that, if there is any competent evidence to sustain the award, it must be upheld—should uphold it. Let us examine these decisions. In *Sullivan* v. *Social Circle Cotton Mills,* 41 *Ga. App.* 714 (154 S. E. 467), a hernia case, this court said: "Accordingly, since the evidence in the instant case authorized the finding of the Industrial Commission that the only disability suffered by the claimant by reason of an accident arising out of and in the course of his employment consisted in pain and suffering from a hernia which existed prior to the accident, the award of the commission denying compensation was authorized and can not be set aside. Especially would such a rule

apply where, as here, the medical testimony authorized the conclusion that the fall sustained by the claimant merely knocked off his truss, and caused a temporary protrusion of the intestines through the existing hernia, and that there was no enlargement or aggravation of the pre-existing hernia condition." We do not see that the opinion in that case, under its facts, is applicable to the instant case under its facts. In that case there was only a temporary protrusion of the intestines through the existing hernia, and there was no enlargement or aggravation of the pre-existing hernia condition. In the instant case, there was a small hernia, according to the undisputed evidence, which had existed for ten or twelve years and had not interfered with the claimant's performance of hard manual labor; and the result of the injury caused an enlargement and aggravation of the pre-existing hernia condition. The uncontradicted evidence of the present claimant is that the pre-existing hernia condition resulted in partial disability to the extent of 75 percent, and that this disability did not exist prior to the accidental injury. The physician of the employer and carrier did not contradict this evidence in any way. Dr. Randolph, while on the stand, was asked certain questions concerning this issue. We give his testimony:

"Q. Dr. Randolph, you don't know whether this boy suffered more intensely from this injury after he had the blow or not, do you? From the blow he had whether it affected him and hurt him internally there or not, do you? A. The second time I saw him he was not complaining any more—as much as he was the first time. No, sir. Q. But you don't know how much he was suffering with it, do you? A. No, sir. Q. And you don't know whether he is still suffering with it or not, do you? A. No, sir. Q. And you don't know whether it really affected his ability up to now, do you? A. I couldn't testify as to that."

In connection with this testimony of Dr. Randolph, we might call attention to a conclusion of the director in his findings of fact:

"It will be further noted that Dr. Randolph testified that from the condition of the injury he found March 30, 1944, claimant should have fully recovered from the effects thereof within a period of two weeks." This is an erroneous conclusion of the director, which the testimony of Dr. Randolph does not sustain. On this point we quote the testimony of the doctor:

"Q. How long in your opinion should he have been disabled from the injury which you treated him for? A. Well, after we didn't see him and he didn't come back and thinking of it and looking at the record, I figured those kind of *scratches or abrasions* would get well in two weeks." (Italics ours.)  It will thus be noted that Dr. Randolph did not know anything concerning the pre-existing hernia condition of the claimant prior to the accidental injury, nor did he know the extent of it.  And at the hearing he plainly stated that he could not testify as to whether the injury resulting from the accident aggravated the hernia condition on the left side and thus caused a partial disability.  In this connection it will also be noticed that Dr. Randolph nowhere testified that the injury resulting from the accidental injury would cease to exist within two weeks from the date of the accident.  He merely stated that he thought from having examined the claimant on March 30, 1944 and March 31, 1944, and not having seen him again until August, and looking at the record, "I figured those kind of *scratches or abrasions* would get well in two weeks." (Italics ours.)  This testimony was merely to the effect that the external evidences of the plank striking the claimant would heal within two weeks, and not that the aggravated hernia condition received by the claimant would cease completely in two weeks.

Another case called to our attention is *Keel* v. *American Employers Insurance Co.*, 44 *Ga. App.* 773 (162 S. E. 847), to the effect that the finding of the director should be sustained because there was competent evidence to support the award, on the ground that the claimant had refused employment as contemplated by the Code, § 114-407.  This section provides that, if an injured employee refuses employment procured for him, suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal unless in the opinion of the department such refusal was justified.  There is no competent evidence to the effect that the work offered was suitable to the capacity of the claimant to perform it.  On the contrary, the uncontradicted competent evidence demanded a finding that the work offered was not suitable to the capacity of the claimant to perform it.  This is borne out by the testimony of the claimant, of Dr. Pharr, and of the foreman of the employer, Delay.  We will not discuss this evidence in detail, but merely refer to the evidence of these

witnesses in the brief evidence, hereinbefore set out, and the additions thereto. In this connection, our attention is also called to the decision in *American Mutual Liability Ins. Co.* v. *Bond,* 62 *Ga. App.* 562 (8 S. E. 2d, 715). That case involved a hearing on a change in condition. The evidence was in sharp conflict, and there was competent evidence to the effect that there had been no change in the condition of the claimant. This being true, the court rendered an opinion to the effect that the judge of the superior court was without authority to disturb the award of the board. The facts in that case differentiate it from the instant case.

The next case called to our attention is *Bradberry* v. *Lumbermen's Mutual Casualty Co.,* 60 *Ga. App.* 576 (4 S. E. 2d, 486). That case rested on the proposition that the evidence was based only on opinion testimony on both sides, that it was conflicting, and that it was for the board to decide which view it would accept. In the instant case, there is no contradictory evidence that the claimant was not partially incapacitated for work. Counsel for the employer and carrier contend that the present facts fall squarely within the rulings of the Supreme Court in *Liberty Mutual Ins. Co.* v. *Blackshear,* 197 *Ga.* 334, 336 (28 S. E. 2d, 860). That case dealt with compensation for hernia under the Code, § 114-412, and as we have heretofore stated, the claimant in the instant case is not entitled to compensation under the provisions of that section. In that case, however, the Supreme Court, citing *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261 (175 S. E. 577), held as follows: "In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only one conclusion." It is our opinion that, applying this rule to the facts of the instant case, there was no controversy in the evidence material to the issue involved—that is, that the claimant was partially disabled—and there are no implications or inferences that can be drawn from the evidence which lead to any contrary conclusion. We are not unmindful that the board in arriving at the truth may apply all the rules of law with reference to the credibility of the witnesses testifying, their intelligence, their means and opportunity of knowing facts to which they testify, the nature of the facts to which they testify, and the probability or improbability of

their testimony, their interest or want of interest, and also their personal credibility so far as the same legitimately appears from the trial. But applying this rule, it still appears from the evidence that the uncontradicted competent testimony demanded a finding that the claimant was partially disabled as a result of the accidental injury. We do not understand this rule to mean that a fact-finding body may absolutely disregard uncontradicted, unimpeached testimony and base a finding contrary to it, where, as here, no circumstances are involved to sustain such a disregard of the sworn testimony. It is the duty of the fact-finding body to reconcile the testimony, if possible, even where it is conflicting, and not impute perjury to anyone. It is also the law that a witness is presumed to speak the truth while testifying. We do not think that it was ever the intention of the law that the State Board of Workmen's Compensation should, without rhyme or reason, make an award contrary to competent, uncontradicted, and unimpeached testimony, and substitute in lieu thereof an award based on no competent testimony. And we do not think that the rule above-quoted from the *Cooper* case holds to the contrary. As to the principle that this court should construe the testimony most favorably to the employer and carrier in the instant case, see *Merry Bros. Brick Co.* v. *Holmes,* 57 *Ga. App.* 281 (195 S. E. 223); *Glens Falls Indemnity Co.* v. *Sockwell,* 58 *Ga. App.* 111 (197 S. E. 647). See also *Liberty Mutual Ins. Co.* v. *Holloway,* 58 *Ga. App.* 542 (199 S. E. 334), which counsel for the employer cite. As pointed out in the opinion of the judge of the superior court the Supreme Court said in *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d, 84) : "While the [Workmen's Compensation] Act severely limits the maximum amount of recovery in a strong case of serious injury, and is in this respect beneficial to the employer, it was the manifest purpose of the legislature to distribute a portion of such savings to the unfortunate employee whose case is weak but who is injured nevertheless. The purpose of the act is to alleviate human suffering and to contribute to human need when accidental injury is suffered in the manner prescribed by the statute. To construe the plain language of this statute to embrace only those accidents that are external, and to exclude those that are internal, is to quibble with distinctions where there are no differences."

■ As we have heretofore stated, the claimant in the instant case was not entitled to recover under the Code, § 114-412, for

compensation for hernia, but we are of the opinion that, under the uncontradicted, competent, and unimpeached testimony, he was entitled to compensation for partial disability from the hernia condition which existed prior to the accident, because of the aggravation of such condition. This court held in *Pruitt* v. *Ocean Accident &c. Corp.*, 48 *Ga. App.* 730 (3) (173 S. E. 238) : "Where a diseased condition of an applicant for compensation, which existed at the time of the injury, is aggravated or caused to 'flare up' as a result of the injury, and produces a disability which otherwise might not have existed as a result of the injury, the incapacity is caused by the injury, and where the accident arises out of and in the course of the employment, compensation will not be denied upon the ground that the disability is a result of the disease." This principle of law is approved also in *Ætna Casualty & Surety Co.* v. *Chandler*, 61 *Ga. App.* 311 (6 S. E. 2d, 142), *Employers' Liability &c. Corp.* v. *Johnson*, 62 *Ga. App.* 416, 421 (8 S. E. 2d, 542), and *Griggs* v. *Lumbermen's Mutual Casualty Co.*, 61 *Ga. App.* 448 (6 S. E. 2d, 180), which are cited and quoted in the opinion of Judge Pratt, hereinbefore quoted. We see no difference in principle between the aggravation of a pre-existing hernia condition and an aggravation or flaring up of the pre-existing diseases, under the facts in the cases above cited.

Therefore, from what we have said, it follows that the judge of the superior court did not err in reversing the award of the single director, and the judgment is affirmed.

*Judgment affirmed.* *Sutton, P. J., and MacIntyre, J., concur. Parker, J., concurs specially. Broyles, C. J., and Felton, J., dissent.*

BROYLES, C. J., dissenting. Upon an appeal to the superior court from any final award or other final decision of the Industrial Board, the findings of fact made by the board within its powers are, in the absence of fraud, conclusive if they are supported by any competent evidence. Code, § 114-710; *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810, 812 (129 S. E. 75) ; *Ga. Power &c. Co.* v. *Patterson*, 46 *Ga. App.* 7, 8 (166 S. E. 255), and citations. Furthermore, it is well settled that in a compensation case, the hearing director has the opportunity and the right to consider the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testified, the nature of such

facts, and the probability or improbability of their testimony, their interest or want of interest, and also their personal credibility so far as the same may legitimately appear from the trial. And it is obvious that, when the case is appealed to the superior court, the judge of that court has no such opportunity or right.

Moreover, when the award is against the claimant, the judge of the superior court, as well as this court, in reviewing the award must accept the evidence most favorable to the defendant. *Glens Falls Indemnity Co.* v. *Sockwell*, 58 *Ga. App.* 111, 114 (supra); *Merry Bros. Brick Co.* v. *Holmes*, 57 *Ga. App.* 281 (supra). Furthermore, "Under the provisions of the Workmen's Compensation Act, the judge of the superior court, upon appeal, has not that discretion to set aside an order or decree of the Industrial Commission which he exercises in passing upon motions for new trial and petitions for certiorari in cases where the evidence would authorize a finding or judgment for either party." *United States &c. Co.* v. *Hall*, 34 *Ga. App.* 307 (4) (129 S. E. 305), and citations. In the case just cited, where the judge of the superior court set aside the award and ordered a new trial (just as the judge did in the instant case), this court, in reversing that judgment, said: "The findings of fact made by the commission, if supported by any evidence, will in the absence of fraud be conclusive."

In my opinion the findings of fact made by the hearing director were authorized by some evidence; and, there being no question of fraud in the case, the judge of the superior court erred in setting aside the award and ordering a new trial.