18964. UNITED STATES FIDELITY AND GUARANTY
COMPANY *et al. v.* PRICE.

DECIDED JULY 10, 1928. REHEARING DENIED JULY 31, 1928.

*Bryan & Middlebrooks, O. W. Russell,* for plaintiffs in error.
*R. V. Harris* and *Phillips & Abbot,* contra.

BLOODWORTH, J. Mrs. Ricey Price, on account of the death of her husband, filed a claim for compensation against the Middle Georgia Lumber Company and the United States Fidelity and Guaranty Company, alleging that her husband was in the employment of the Middle Georgia Lumber Company when he was killed, and that the United States Fidelity and Guaranty Company was the insurance carrier. The case was submitted to R. C. Norman, a member of the Industrial Commission of Georgia, and he decided that under the evidence the deceased was not employed by the lumber company, but that he was an independent contractor. The claimant asked that the award by Commissioner Norman be reviewed by the full commission; and upon such review the full commission reversed the ruling of Commissioner Norman and granted compensation to the claimant. The case then went to the superior court by appeal, and that court sustained the finding of the full commission. Upon each hearing the only question submitted was whether or not, at the time of his death, the husband of claimant was an employee of the Middle Georgia Lumber Company,— whether at that time the relation of employer and employee existed between the lumber company and the deceased. This was a question of fact which the full commission decided in favor of the claimant. There is some evidence to support their finding; their award was affirmed by the judge of the superior court; and where this is so, "under the law as laid down in *United States Fidelity &c. Co. v. Christian,* 35 *Ga. App.* 326 (3) (133 S. E. 639), this court is without authority to reverse the judgment of the superior court affirming the finding of the industrial commission." *Mary-*

land *Casualty Co.* v. *Miller,* 36 *Ga. App.* 631 (137 S. E. 788). See also *Jackson* v. *Lumberman's Mutual Casualty Co.,* 33 *Ga. App.* 35, 36 (125 S. E. 515) ; *Ocean Accident & Guaranty Corporation* v. *Council,* 35 *Ga. App.* 632 (2) (134 S. E. 331), and cit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*