18432. BROWN *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*

DECIDED JULY 13, 1928. REHEARING DENIED SEPTEMBER 1, 1928.

*J. I. Hynds,* for plaintiff.
*Bryan & Middlebrooks,* for defendant.

BELL, J. The plaintiff in error filed with the industrial commission a claim for compensation for a hernia. After an adverse termination of his case before that tribunal he appealed to the superior court, and, his appeal being denied, he brought the case to this court for review.

Before compensation may be allowed for a hernia it is necessary that the claimant definitely prove, among other things, that the hernia appeared suddenly and immediately followed an accident.

See section 2 (e) of the workmen's compensation act (Ga. L. 1920, p. 167). Assuming that the testimony of the claimant, standing alone, was sufficient to have demanded an award in his favor, respondents introduced in rebuttal a statement, signed by the claimant several days after his injury, in which he declared that it was not until Sunday morning following the injury on Thursday that he felt any pain or noticed sign of a hernia. The claimant testified that he signed the statement without reading it, and that it was incorrect. On the other hand, a witness for the respondents testified that, while the claimant did not himself read the statement, it was written on information furnished by him, and that it was carefully read in his hearing before he signed it.

The statement was contradictory of the claimant's testimony and was as to a matter relevant thereto. Whether the statement might have been considered as an admission, and regardless of what might have been its effect as such, it was offered for the purpose of impeachment, and in view of its contents and of all the evidence as to the circumstances under which it was made, it was for the commission to determine the credit to be given to the claimant's testimony. *Glenn* v. *Augusta Railway & Electric Co.*, 121 *Ga.* 80 (48 S. E. 684). The question here is not whether an award in the claimant's favor would have been authorized, but whether it was demanded. While there was evidence corroborating the claimant as to certain material matters, it can not be said, as a matter of law, from the evidence as a whole, that the order of the commission denying the claim was unauthorized. See, in this connection, *U. S. Fidelity & Guaranty Co.* v. *Hall,* 34 *Ga. App.* 307 (129 S. E. 305); *Bolton* v. *Columbia Casualty Co.,* 34 *Ga. App.* 658 (130 S. E. 535); *London Guaranty Co.* v. *Shockley,* 31 *Ga. App.* 762 (122 S. E. 99); *London Guaranty Co.* v. *Cox,* 36 *Ga. App.* 708 (137 S. E. 799); Civil Code (1910), §§ 5881, 5883, 5884.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*