### No. 430

### First Circuit

———

## YOUNG v. LOUISIANA HIGHWAY COMMISSION

———

(April 13, 1929. Opinion and Decree.)
(June 28, 1929. Rehearing Refused.)
(October 8, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

———

Benton & Benton, of Baton Rouge, attorneys for plaintiff, appellant.

J. H. Inman, of Ponchatoula, attorney for defendant, appellee.

LECHE, J. Plaintiff claims that while he was working for the Louisiana Highway Commission as day laborer and practical mechanic, on or about October 1, 1927, he was accidentally injured and that said injury caused and· inflicted upon him a traumatic hernia. He alleges the existence of all the concomitant circumstances and conditions required and defined in paragraph 17 of subsection (d) of section 8 of Act 85, page 110, of 1926, the law in force at the time of his alleged injury, and prays for compensation at the rate of $12.13, payable every Saturday from the second week in October, 1927, until he has received $3639, and for medical fees, etc.

The district judge refused his demand, and he has appealed.

The present controversy involves mainly questions of fact, the proof of which is by law, imposed upon the plaintiff. It seems that plaintiff was ploughing in a pit and while so doing, claims that the point of the plough struck some obstacle in the ground, and that he was thereby hurled against the handle of the plough and thus injured. He then called on some one else to handle the plough. Several witnesses who were in the pit at the time, relate what they saw and heard, but no one heard plaintiff say that he was suffering from severe pain in the hernial region or that plaintiff was so prostrated as to be compelled to cease work immediately. Some of them say that plaintiff got some one else to take the plough because he said he was tired, and that he soon returned to work to do something else. Pullin, a superintendent on the work, says that plaintiff complained to him of suffering on the following day, not however of having been ruptured by the alleged accident in the pit, and that he advised plaintiff as a friend to call on some doctor at the hospital at Shreveport.

Canfield, another witness, went in an automobile with plaintiff from Gibbsland to Shreveport on Sunday, the day after the accident, conversed with him along the trip, but plaintiff did not then claim that he had been ruptured by the accident in the pit or that he was suffering to any extent.

It is shown by the testimony of other witnesses that plaintiff had, before the alleged injury, stated that he had been ruptured, burnt up and diseased.

The testimony does not impress us as disclosing that the hernia from which he was suffering, was caused by the alleged accidental injury, that the descent of the hernia immediately followed the alleged injury, that there was severe pain in the hernial region, that there was such prostration that plaintiff was compelled to cease work immediately, or that there was such physical distress that the attendance of a physician was required within forty-eight hours, some of the attendant conditions necessary to entitle him under the statute to compensation.

The witnesses upon whose testimony we base our findings seem to be unbiased, and they are disinterested.

We believe the judgment appealed from is sustained by the evidence and it is therefore affirmed.