## 22333. GEORGIA POWER AND LIGHT COMPANY *v.* PATTERSON *et al.*

Decided October 29, 1932.

*A. B. Conger,* for plaintiff in error.   *Thomas E. Scott,* contra.

SUTTON, J.   On December 20, 1929, H. D. Patterson applied to the Georgia Power & Light Company for employment, and on filling out an application to the company, wherein he stated that he was 28 years of age, unmarried, and had no dependents, was given employment.   Six days later he was killed in an accident arising out of and in the course of his employment.   On December 24, 1930, Mrs. Carrie L. Patterson, his mother, filed with the industrial commission a claim for compensation under the workmen's compensation act, as a partial dependent, and later, by amendment, his father and sisters were made claimants as partial dependents. Upon the hearing the commission found in favor of the claimants and awarded to the father and mother, for the use of the family, $4.25 a week for three hundred weeks, and found as a matter of fact that the claimants were partially dependent upon the deceased employee for support.   From this award the employer appealed to the superior court, which affirmed the award.   To this judgment the employer excepted.

■ Upon a careful examination of the evidence in this case, we are of the opinion that the evidence authorized the finding by the commission that the deceased contributed to the support of his father, mother, and sisters, and that they were partially dependent upon him for support.   In these circumstances, the award of the commission, being supported by evidence and not being otherwise illegal, is conclusive and binding upon this court.   *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75) ; *London Guarantee & Accident Co.* v. *Shockley,* 31 *Ga. App.* 762 (122 S. E. 99) ; *South* v. *Indemnity Ins. Co.,* 41 *Ga. App.* 827 (155 S. E. 48) ; *Am. Ins. Co.* v. *Brown,* 42 *Ga. App.* 262 (155 S. E. 798).   The question of dependency is one of fact, to be determined, according to the facts and circumstances of each case, from the amounts, frequency, and continuity of actual contributions of cash or supplies, the needs of the claimants, and the legal and moral obligation of the employee.   Under the facts of this case, the commission was fully authorized to find that partial dependency existed.   *Maryland Casualty Co.* v. *Campbell,* 34 *Ga. App.* 311 (129 S. E. 447).

■ The fact that the deceased, in his application for the em-

ployment, stated that he had no dependents is no bar to the claimants in this case. The deceased employee could not reject the workmen's compensation act in this matter; and unless there is a rejection of the act as provided in section 4 of the act, the employee is presumed to have accepted the provisions of the act. Ga. L. 1920, p. 171 (Michie's Code (1926), § 3154 (4)). The question of dependency arises, under the act, on the death of the employee, and every contract of employment made subsequent to the act shall be presumed to have been made subject to the provisions thereof, unless the act has been rejected as above stated. Michie's Code (1926), §§ 3154 (6), 3154 (38), 3154 (39). Under such circumstances, the right of dependents to compensation is not subject to restriction or extinguishment by the employee during his lifetime. 28 R. C. L. 783, § 76; Routh v. List. &c. Construction Co., 124 Kan. 222 (257 Pac. 721, 62 A. L. R. 150). Furthermore, the evidence in this case shows that the deceased employee, a day or so after his employment with the Georgia Power & Light Company, wrote to his mother that he thought he could send her about $30 in a few days.

■ Applying the foregoing rulings, the superior court did not err in affirming the award of the industrial commission.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*