26256. PASCHAL *v.* FOREMOST DAIRIES *et al.*

398

*H. W. McLarty,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

Sutton, J. The plaintiff filed with the Department of Industrial Relations a claim for compensation for a hernia alleged to have been sustained while working in the scope of and in the course of his employment with Foremost Dairies. From an adverse finding of the department he appealed to the superior court, where the judgment of the department was affirmed, and the case is before this court for review.

To be entitled to compensation for a hernia the claimant must prove, among other things, that it appeared suddenly and immediately following an accident. See section 2(e) of the workmen's compensation act (Ga. L. 1920, p. 167). Code, § 114-412. In the present case the claimant testified that while working on his job about midnight on June 28, 1936, he slipped and fell against a York machine which was in the path of his duties; that he did not at once report his injury to anybody, because he feared he might be discharged by his employer; that without going to a physician he purchased a necessary truss and had been wearing it ever since, and had not been able to obtain employment; that on the night following his injury he was unable to work, informing his employer only that he was sick, but that the next night he performed his duties; that on July 13, 1936, he was discharged, at which time he informed the manager that he had received the injury. Two physicians testified to the presence of the hernia, but were unable to state at what time it originated, there being no bruise upon the body at the time of the examination. Undisputed testimony was to the effect that the claimant was worthy of belief on oath. The manager of the plant where the claimant had been employed testified that the claimant was an agitator, had been found asleep on the job at night where his vigilance was necessary, talked too much for good discipline among the employees; that about a week before the dismissal he had the claimant sent to his office, and informed him that unless his ways were

mended he would be dismissed; that he did not dismiss him on account of any injury but that about a week later the claimant sent some buttermilk instead of sweet milk, as ordered, to a customer, which when mixed with dough caused a damage of $34 which witness was called upon to pay; and that he then discharged the claimant, paying him two-weeks wages in advance, but not deducting the $34; that at the time he said nothing about having sustained an injury, which fact was verified by the bookkeeper of the company, who was present and heard the conversation between the claimant and the manager. The official further testified that on the following morning the claimant came into his office in an excited manner and said he was "going to sue Foremost [the employer] or do something, because I ruptured myself here;" that upon being asked when the injury occurred, the claimant answered "several months ago." Other employees testified that they had not heard the claimant make any mention of having been injured about the plant until after he was discharged. The department found that because of the conflict as to when the claimant notified the employer of his injury, his failure to report it at the time it was alleged to have been sustained, the lack of corroboration as to wearing a truss, a doubt was created as to the injury having been sustained while at work, and that the claimant had not carried the burden of proving his claim. An adverse finding was accordingly rendered. It is not necessary to cite authorities for the proposition that the finding of fact by the department, in the absence of fraud and if supported by any evidence, is conclusive and binding upon the courts. The question here presented is not whether an award in the claimant's favor might have been authorized, but whether such an award was demanded under the evidence. "Nor is the Department of Industrial Relations bound in every case to accept the literal statements of a witness before it merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto." *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261 (175 S. E. 577). It is the opinion of this court, therefore, that the department was authorized to find against the claimant, and

that the award can not be reversed on what may be termed the general grounds. *Independence Indemnity Co. v. Sprayberry*, 171 *Ga.* 565 (156 S. E. 230); *Ocean Accident &c. Cor. v. Farr*, 180 *Ga.* 266 (178 S. E. 728). This case is similar on its facts to *Brown v. United States Fidelity & Guaranty Co.*, 38 *Ga. App.* 461 (144 S. E. 343). The superior court did not err in affirming the finding of the Department of Industrial Relations.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*