## LIBERTY MUTUAL INSURANCE COMPANY *et al.* v. BLACKSHEAR *et al.*

No. 14701.   January 12, 1944.   Rehearing denied February 11, 1944.

336

*Neely, Marshall & Greene* and *T. Elton Drake,* for plaintiffs in error.

*Marvin G. Russell* and *Earl Sims,* contra.

JENKINS, Presiding Justice. 1. Upon an appeal to the superior court from any final award or other final decision of the Industrial Board, the findings of fact made by the board within its power are, in the absence of fraud, conclusive if they are supported by any competent evidence. Code, § 114-710; *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 812 (129 S. E. 75); *London Guarantee Co.* v. *Boynton,* 54 *Ga. App.* 419 (2), 423 (188 S. E. 265); *Ga. Power Co.* v. *Patterson,* 46 *Ga. App.* 7, 8 (166 S. E. 255), and cit.; *United States Fidelity &c. Co.* v. *Price,* 38 *Ga. App.* 346 (144 S. E. 146); *United States Fidelity &c. Co.* v. *Christian,* 35 *Ga. App.* 326 (3) (133 S. E. 639). In such a case, not only may an issue of fact arise from contradictory evidence, but contrary implications consistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain an issue of fact despite uncontradicted evidence in regard thereto. *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261 (175 S. E. 577). In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion. *Employers Liability Assurance Cor.* v. *Woodward,* 53 *Ga. App.* 778 (3) (187 S. E. 142); *Paschal* v. *Foremost Dairies,* 56 *Ga. App.* 397 (192 S. E. 634).

2. The rule under our workmen's compensation law as to hernia is somewhat different from that applying to other injuries, in that not only must the hernia have resulted from injury by accident' arising out of and in the course of the employee's employment, but it must be definitely proved to the satisfaction of the Industrial Board that such resulting hernia "did not exist prior to the accident," and "was accompanied by pain," and "appeared suddenly" and "immediately followed [the] accident." Code, § 114-412.

3. The word "immediately" has been defined by this court and by various other courts of the country. The case of *Williams* v. *Preferred Mutual Accident Association,* 91 *Ga.* 698, 699 (17 S. E. 982), dealt with the question of liability under an accident policy that required the insured to be "immediately" wholly disabled. In that case it was said that this word "has two distinct significations, one of time, and the other of cause and effect;" that in the sense of time it is synonymous with "quickly" or "presently;" and that when used with reference to a disability, "immediately" refers to time, and "the period . . indicated by it is [not] the same as that which would be expressed by the words 'reasonable time,'" or "as soon as practicable," which might apply in matters involving "something to be done voluntarily by human agency." In that case it was said that "it would perhaps be going too far to say" that in a case such as was there involved the word "immediately" "means precisely the same thing as 'instantly' or 'momentarily.'" But the rule was laid down clearly and emphatically that the word when used with reference to time means "without delay." This ruling was followed in *Vess* v. *United Benevolent Society of America,* 120 *Ga.* 411 (47 S. E. 942). While there appears to be some contrariety of authority on this subject (Order of United Commercial Travelers v. Barnes, 72 Kan. 293, 80 Pac. 1020, 82 Pac. 1099, 7 Ann. Cas. 809; Rathbun v. Globe Indemnity Co., 107 Neb. 18, 184 N. W. 903, 24 A. L. R. 191; Hallack & Howard Lumber Co. v. Bagly, 100 Col. 402, 88 Pac. 2d, 442; 29 Am. Jur. 880, § 1167, and cit.), most of the courts in accident- or disability-insurance cases have recognized the rule which appears to have been definitely announced in this State, and have held that this word, when used with reference to time, means "without delay," "presently," or "without any substantial interval." Preferred Masonic Mut. Accident Asso. v. Jones, 60 Ill.

338

App. 106; Kennard *v.* Travelers Protective Asso. of America, 157 Va. 153 (160 S. E. 38); Burrell *v.* Provident Life & Accident Ins. Co., 162 Tenn. 672 (39 S. W. 2d, 1031); Wall *v.* Continental Casualty Co., 111 Mo. App. 504 (86 S. W. 491); and case-notes, 24 A. L. R. 226, citing also cases from Alabama, Arkansas, Indiana, Kansas, Kentucky, and New York. Like rulings as to the meaning of the word "immediately" have been made with respect to hernia cases. Johnson *v.* Green (Idaho), 127 Pac. 2d, 770; Young *v.* La. Highway Comm., 11 La. App. 388 (121 So. 627); case-notes, 114 A. L. R. 1341. Accordingly, we can not adopt the rule as laid down by the Court of Appeals in the *Sprayberry* case (69 *Ga. App.* 196), supra, and in the instant case, wherein it was said that the term "immediately" means merely "a relative and reasonably close coincidence between the accidental injury and the hernia," where it also appears that "no other agency intervened" save the accidental injury. Such a rule would strain the language of the statute, which plainly provides that the hernia must have "appeared suddenly" and must have "immediately followed [the] accident," and have been "accompanied by pain." The meaning of this word, as we construe it, is that there must not have been any substantial interval between the accident and the manifestation of the rupture, and appearance of the hernia following in due, natural, and uninterrupted course therefrom. However, although it has been held by this court in *Hardware Mutual Casualty Co.* v. *Sprayberry,* 195 *Ga.* 393 (supra), and by the Court of Appeals in the same entitled case that the term "hernia" as used in the statute means the protrusion of an internal organ or part projecting through an opening in the walls of the abdominal cavity, we think that the rupture of the tissues of the abdominal walls, arising out of an injury in the course of the employment, constitutes the, actual accidental injury, and that the hernia is merely a natural resultant therefrom; and that the sudden appearance of the rupture, as manifested by accompanying evidences of pain, immediately and without substantial interval following the accident, constitutes an integral part of the resulting hernia within the meaning of the statute; although, under the *Sprayberry* decision, the statute would not have application unless the rupture was actually followed naturally, in due course, and without interruption by a resulting protrusion. Thus, the rupture must appear immediately and be

accompanied by pain without any sort of substantial interval following the injury, and the resultant hernia must follow in due, natural, and uninterrupted course from the rupture. See, in this connection, Maryland Casualty Co. v. Robinson, 149 Va. 307 (141 S. E. 225); Hay v. Swiss Oil Co., 249 Ky. 165 (60 S. W. 2d, 385); Arduini v. General Ice Cream Co., 123 Conn. 43 (192 Atl. 314, 114 A. L. R. 1333); Rudd v. Fairforest Finishing Co., 189 S. C. 188 (200 S. E. 727); Robbins v. Original Gas Engine Co., 191 Mich. 122 (157 N. E. 437).

(a) So far as this particular case is concerned, under the rule embodied in the first division of the opinion, it appears that the finding of the board was authorized, though it might not have been demanded by the evidence, and should not have been reversed, under the rule just stated or even if the rule stated by the Court of Appeals should be taken as the correct test. In this case, the protrusion did not appear until about ten days after a bucket of rivets had struck the employee on his elbow and back above the hip, and until after he had returned to his work in about three days, and thereafter worked for about a week. The evidence of the attending physician went merely to show that it was "possible" for "this condition [to have] developed" during this time from the injury. This testimony with other evidence did not necessarily constitute conclusive proof to the board either that the rupture or hernia "appeared suddenly" and "immediately" after the accident, and was accompanied by pain, and that the hernia was the result of the accident, so as to demand a finding for the employee. Especially is this true, where it does not appear that, either at the time of the injury or subsequently until the actual protrusion, the employee ever complained to anyone of any pain in the region of the hernia, although he testified at the hearing that he actually suffered such pain; and where the testimony of the attending doctor showed that the only pains complained of to him by the employee after the injury were "in his side" and "in his back and elbow;" that "the pain in his side was of relatively short duration," and that the first complaint as to pain in the hernia region was coincident with the first physical protrusion, about ten days after the injury, and seven days after the employee returned to work. *Judgment reversed. All the Justices concur.*