31887. BOSWELL *v.* LIBERTY MUTUAL INSURANCE COMPANY *et al.*

DECIDED JULY 8, 1948.   REHEARING DENIED JULY 28, 1948.

*Maddox & Maddox,* for plaintiff.
*Neely, Marshall & Greene,* contra.

MacIntyre, P. J. 1. "In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of the employee's employment it must be definitely proved to the satisfaction of the Department of Industrial Relations: . . fifth, that the hernia did not exist prior to the accident for which compensation is claimed." Code, § 114-412. "Upon an appeal to the superior court from any final award or other final decision of the Industrial Board, the findings of fact made by the board within its power are, in the absence of fraud, conclusive if they are supported by any competent evidence. Code, § 114-710; *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 812 (129 S. E. 75); *London Guarantee Co.* v. *Boynton,* 54 *Ga. App.* 419 (2), 423 (188 S. E. 265), and cit.; . . *United States Fidelity &c. Co.* v. *Price,* 38 *Ga. App.* 346 (144 S. E. 146); *United States Fidelity &c. Co.* v. *Christian,* 35 *Ga. App.* 326 (3) (133 S. E. 639)." *Liberty Mutual Ins. Co.* v. *Blackshear,* 197 *Ga.* 334, 336 (28 S. E. 2d, 860). The State Board of Workmen's Compensation is not bound in every case to accept the literal statement of the witnesses before it merely because such statements are not contradicted by direct evidence; but it may reject the same when inconsistent with reason or in conflict with facts which in the opinion of the Board have been satisfactorily established or with implications and inferences which logically and

properly arise from the evidence. Cf. *Macon St. R. Co.* v. *Barnes,* 113 *Ga.* 212 (8) (38 S. E. 756); *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261 (175 S. E. 577); *Liberty Mutual Ins. Co.* v. *Blackshear,* supra, and citations.

From the testimony of Dr. Dawson that the claimant at the time of his first examination in April did not complain of hernia or of having suffered an accident, but only of general asthenia; of Dr. Dawson that the examination was in April, with the hernia then existing, prior to the alleged date of the accident in May; and of Joe Frick that he had not been told that Boswell suffered an accident or was hurt in April or May, the director was authorized to draw an inference that if Boswell had been injured in May (or in April) he would have gone to the doctor and complained of that rather than of general asthenia, and to find as a fact therefore that the evidence did not sufficiently negative the fact of a pre-existing hernia. Under the rules of law above stated, we must affirm the director's finding of fact that there was a pre-existing hernia and his denial of the claim under Code § 114-412 for medical and hospital expenses incurred in remedying such hernia.

■ Code § 114-412 "deals exclusively with the principle of law regarding compensation for hernia or for death therefrom. Therefore it necessarily follows that, unless the evidence shows that the claimant is entitled to compensation for total or partial disability under some other principle of law under the Workmen's Compensation Act, the claimant is not entitled to prevail in this case." *American Mutual Liability Ins. Co.* v. *Gunter,* 74 *Ga. App.* 500, 511 (40 S. E. 2d, 394). However, the denial because the hernia was found to be pre-existing, of medical and hospital expenses incurred by reason of a hernia under said Code section does not preclude the recovery of compensation under the act for the period of total incapacity to work which is the result of an aggravation of the pre-existing hernia by an accident arising out of and in the course of the employee's employment. *Ibid.* The testimony of the claimant that on October 7, 1946, while he was pulling on the warp which had gotten stuck, he felt something pull loose in his side, and, suffering great pain, he went to the rest room and found that there was a knot about the size of a guinea egg on his right groin; of Beecher Collins that

the claimant told him, immediately after the claimant's discovery of this additional protrusion and while they were at work on this day, that he had hurt himself and that Boswell was holding his side and appeared to be in great pain; of Joe Frick that the claimant told him that he was sick and hurting; and of Dr. Dawson that, when Boswell came to his office on October 7, the hernia was strangulated whereas previously it had been reducible, was uncontradicted and unimpeached. The alleged previous contradictory statement of the claimant, which was never authenticated or offered in evidence, did not contradict, but rather affirmed the ·claim of Boswell that he had at this time suffered an aggravating accident. Though the director said that the testimony of Dr. Dawson refuted Boswell's allegation that he suffered an aggravating injury in October, we have searched the doctor's testimony most painstakingly and have found nothing therein which in any way contradicts the fact of the occurrence of such an accident; and, on the other hand, Dr. Dawson in fact substantiated Boswell's claim that he suffered an aggravation by his testimony that the hernia in October was strangulated and that the resulting operation was far more complicated than that which had been previously recommended. While Dr. Dawson did say that any hernia may become strangulated at any time, this did not negative in the slightest the claim that in fact the strangulation occurred while Boswell was pulling on the stuck warp and hence was an accident arising out of and in the course of his employment; but it merely says that the strangulation would not necessarily have to arise out of an accident such as that out of which the evidence shows that it actually did arise. We think that, at the least, the evidence, and every reasonable implication and inference which can be drawn therefrom, necessarily leads to only one conclusion and demands a finding that Boswell suffered an accident which aggravated the pre-existing hernia condition. It is clear that prior to this aggravation Boswell had no difficulty in continuing his work as a weaver, though he needed an operation to make him entirely whole, and that as a direct consequence of the aggravation he was totally incapacited for work during the period required for the operation and for his recuperation from the operation, which was testified to be a period of from six to eight weeks by Dr.

562

McCall, the surgeon who performed the operation—though the result of this operation was the same as that which he needed to have performed prior to the aggravation. It is therefore our opinion that, while there is sufficient competent evidence in the record to authorize the director's finding that the claimant was not entitled to the medical and hospital expenses which were the result of the operation to remedy the pre-existing hernia condition, the evidence leads inescapably to the sole conclusion that there was an accident arising out of and in the course of Boswell's employment which aggravated the pre-existing condition and demands an award of compensation for the period of total disability which was the result of such aggravating accident. *American Mutual Liability Ins. Co.* v. *Gunter,* supra, p. 516. See, in this connection, Heflin *v.* Red Front Cash & Carry Stores (Ind. App.), 73 N. E. 2d, 494; Ross *v.* Smith, 169 Md. 86 (179 Atl. 173).

The judgment is reversed with direction that the judge of the superior court recommit the case to the State Board of Workmen's Compensation to hear evidence as to the period of time during which the claimant was totally disabled, and upon findings therefrom to make an award of compensation to the claimant in accordance with and in conformity to the law and this opinion.

*Judgment reversed, with direction. Gardner and Townsend, JJ., concur.*