### BRYANT v. VIRGINIA-CAROLINA CHEMICAL CO.

Industrial Commission.

July 13, 1953.

Lucille Snowden, Miami, for the claimant.

Macfarlane, Ferguson, Allison & Kelly, Tampa, for the employer and insurance carrier.

Chairman JAMES T. VOCELLE, Commissioner H. E. WOLFE and Commissioner L. R. WESTON participated in the disposition of this matter.

### BY THE COMMISSION.

This cause came on to be heard on an application for review of a deputy commissioner's order denying compensation. Claimant suffered an accident arising out of and in the course of his employment with Virginia-Carolina Chemical Co. Prior to this accident he had suffered from an inguinal hernia since 1942. The employer had full knowledge of his condition prior to the accident. As a result of the accident his hernia was aggravated and became enlarged and he was unable to work from the date thereof until after he had received surgical repair.

The deputy commissioner denied the claim for compensation as in his opinion the Act specifically sets forth the facts which must be proved before a claimant may recover compensation because of a hernia, and in his opinion the employee failed to establish his claim under the provisions thereof pertaining to compensation for hernia.

The commission has had the benefit of the able briefs and argument of counsel, and we are of the opinion that the noted section 440.15(6), Florida Statutes 1951, quoted below, does not control in a situation such as this—

> (6) HERNIA.—In all claims for compensation resulting from injury by an accident arising out of and in the course of his employment it must be definitely proved to the satisfaction of the commission:
>
> \* \* \*
>
> (e) That the hernia did not exist prior to the accident for which compensation is claimed.

This matter is apparently one of first impression in Florida. The courts of last resort in other jurisdictions have considered similar situations under similar statutes. The Georgia Supreme Court in the cases of American Mutual Liability Ins. Co. v. Gunter, 40 S.E. 2d 394, and Boswell v. Liberty Mutual Ins. Co., 49 S.E. 2d 117, has held that an aggravation of a pre-existing hernia is compensable and that their statute similar to our section 440.15 is not a bar to the claim. Opposed to this is the holding of the West Virginia Supreme Court in Jordan v. State Compensation Commissioner, 197 S.E. 20.

This is not a claim for hernia resulting from injury by accident but is a claim for an aggravation of a pre-existing hernia condition. Section 440.15(6) controls where a claimant seeks compensation for a hernia suffered by accident in his employment. In such a situation it is necessary to prove to the commission that a hernia did not already exist. Where, however, it is admitted that the hernia exists and the employee is able to work full time and then subsequently an accident occurs so aggravating the hernia that he is forced to leave his employment, it is our opinion that 440.15(6) is not controlling and that compensation should be awarded.

The order of the deputy commissioner is therefore reversed and the cause remanded to the deputy commissioner with instructions to enter an award not inconsistent with this opinion. It is ordered that the employer, by and through its insurance carrier, pay claimant's attorney the sum of $150, which is a reasonable fee for representing the claimant in this cause before the full commission.