35221. WILLIAMS *v.* U. S. FIDELITY & GUARANTY COMPANY *et al.*

DECIDED JULY 15, 1954.

414

*Saul Blau,* for plaintiff in error.

*Bryan, Carter, Ansley & Smith, M. D. McLendon,* contra.

GARDNER, P. J.  Learned counsel contends that the evidence which we have set out in considerable detail and which we consider an accurate survey of what each witness testified, is insufficient.  We have set out the evidence for the reason that the claimant contends that an award was demanded in his favor against the defendants, while on the other hand, counsel for the defendants contend that the evidence was conflicting and, therefore, the State Board of Workmen's Compensation as a fact-

finding body were authorized to find that there was competent evidence to sustain the award against the claimant. It will thus be seen that the question to be decided so far as this court is concerned is whether or not there is competent evidence to sustain the award. Counsel for both parties cite many decisions in support of their respective contentions. As we see it, the controlling question is whether the evidence supports the contentions of the claimant rather than the contentions of the defendants, under this record. There seems to be very little contention as to the law applicable on the one side or the other. It is purely a question on either side as to what the evidence reveals. If this claimant is right in his contentions that the facts demand an award in his favor, then the law is that the judgment of the superior court should be reversed and on the other hand, if the contentions of the defendants are right as to the facts, it is equally clear that the law is with them. Therefore, under this situation there is little more for this court to do than to determine what is the status of the facts. So, we will not discuss the decisions cited or the statutory law very much in detail. In a hernia case the claimant must meet the requirements set out in Code § 114-412. That section reads: "Compensation for hernia or for death therefrom.—In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of the employee's employment it must be definitely proved to the satisfaction of the Department of Industrial Relations: First, that there was an injury resulting in hernia; second, that the hernia appeared suddenly; third, that it was accompanied by pain; fourth, that the hernia immediately followed an accident; fifth, that the hernia did not exist prior to the accident for which compensation is claimed . . ."

It is apparent from the award that the board was not satisfied that the claimant had carried the burden required by him under that Code Section. In *Liberty Mutual Ins. Co.* v. *Blackshear*, 197 *Ga.* 334, 337 (28 S. E. 2d 860), the Supreme Court said: "The rule under our workmen's compensation law as to hernia is somewhat different from that applying to other injuries, in that not only must the hernia have resulted from injury by accident arising out of and in the course of the employee's employment, but it must be definitely proved to the satisfaction of

the Industrial Board that such resulting hernia *'did not exist prior to the accident,'* and 'was accompanied by pain,' and 'appeared suddenly' and 'immediately following [the] accident.'"

There seems to be no evidence save that of the plaintiff that he had an accident arising out of and in the course of his employment and that he suffered an injury resulting in hernia and that the hernia appeared suddenly, that it was accompanied by pain, etc.

There is no sufficient evidence in the record from which the board could find that the plaintiff made any complaint or said anything to his employer about an accident or an injury at the proper time. He had ample opportunity to notify his employer immediately after the injury. The employer was available later in the afternoon (from about 3:30 or 4:30 p. m. until between 11 and 12 that same date). After the injury the claimant remained on his job until about 10 or 11 on the same date, without evidencing any pain. It is true that the claimant testified that he went to the hospital the afternoon following the alleged injury, but this testimony, like a great deal more of his testimony, is not corroborated. The only competent evidence other than the evidence of the claimant is to the effect that the claimant had a hernia at the time of the alleged injury which was on November 3, 1953, approximately five weeks after the claimant had been fired. The board was authorized to find that the claimant left his employment at 11 or 12 on the date of the alleged injury; he carried with him a car which had been left at the place of business of the employer for repairs. The board was authorized to find that the claimant took the car without permission, allegedly for the purpose of going for liquor; that he did not return on the morning following the alleged injury and that his employer had to go for the car which the claimant had taken without authority and that the claimant was not in or about the house where he was staying. The defendants discharged the claimant and he never worked any more with them after the date of the alleged injury.

The claimant claimed that he mentioned the injury to some company employees. This the company employees denied. So it seems that under all the facts and circumstances of the case the evidence reveals that the testimony of the claimant was

unworthy of credit. The court held in *Boswell* v. *Liberty Mutual Ins. Co.,* 77 *Ga. App.* 556 (49 S. E. 2d 117): "The State Board of Workmen's Compensation is not bound in every case to accept the literal statement of the witnesses before it merely because such statements are not contradicted by direct evidence; but it may reject the same when inconsistent with reason or in conflict with facts which in the opinion of the board have been satisfactorily established or with implications and inferences which logically and properly arise from the evidence."

In this connection we might also call attention to *Paschal* v. *Foremost Dairies,* 56 *Ga. App.* 397, 399 (192 S. E. 634), where this court said: "It is not necessary to cite authorities for the proposition that the finding of fact by the department, in the absence of fraud and if supported by any evidence, is conclusive and binding upon the courts. The question here presented is not whether an award in the claimant's favor might have been authorized, but whether such an award was demanded under the evidence. 'Nor is the Department of Industrial Relations bound in every case to accept the literal statements of a witness before it merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto.' "

The superior court was amply authorized to affirm the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*