36354. AMERICAN MUTUAL LIABILITY INS. Co. *et al.* v. DYER.

FELTON, C. J. 1. In order to be entitled to compensation for a hernia, the employee must prove that the hernia resulted from an accident arising out of and in the course of his employment, that the resulting hernia

did not exist prior to the accident, that it was accompanied by pain, that it appeared suddenly, and immediately followed the accident. Code § 114-412; *Liberty Mutual Ins. Co.* v. *Blackshear,* 197 *Ga.* 334, 337 (28 S. E. 2d 860). In this case the evidence authorized the finding by the board that the claimant failed to carry the burden of proving that the hernia appeared suddenly and that the hernia immediately followed an accident and it was error for the judge of the superior court to reverse the award of the board denying compensation.

2. Where an award denying compensation is authorized by the evidence, the award will not be reversed merely because the board made one or more findings of fact not essential to the judgment in the case and not authorized by the evidence. While the finding of the board that the claimant's own testimony showed that the hernia did not appear suddenly and did not immediately follow the accident may not have been authorized, the board was authorized from other testimony and circumstances to find that the hernia did not appear suddenly and did not immediately follow the accident. *American Mutual Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295). The court erred in reversing the award denying compensation.

*Judgment reversed. Quillian and Nichols, JJ., concur.*

Decided November 20, 1956.

*Ferdinand Buckley, Marshall, Greene & Neely, Burt De Rieux,* for plaintiff in error.

*H. E. Kinney, Pittman, Kinney & Pope,* contra.