DREW, Justice.
Upon a review of the record in this workmen’s compensation proceeding the Com *438 mission held “the deputy commissioner is correct insofar as finding that the claimant suffered an injury arising out of and in the course of his employment” when he picked up a heavy tire without assistance, and that the injury ultimately resulted in a hernia. All of the requisite elements under F.S. Sec. 440.15(6), F.S.A. were found to be present except the requirement that the hernia must immediately follow the accident, which was held to be negated by claimant’s testimony that he did not notice a lump until three weeks after the lifting injury.
This conclusion, on the factual findings in this case, attributes to the statute the further requirement that a hernia must be visible immediately following an accident in order to meet compensability standards. That specific contention was termed a misconception in an early decision of this Court, Atlantic Marine Boat Yard v. Daniel,[1] and the point is discussed at length in an opinion construing the same statutory requirement in a Georgia case cited with approval in Frohman Gear Co. v. Fellows:[2]
“ * * * we think that * * * the sudden appearance of the rupture, as manifested by accompanying evidences of pain, immediately and without substantial interval following the accident, constitutes an integral part of the resulting hernia within the meaning of the statute; although * * * the statute would not have application unless the rupture was actually followed naturally, in due course, and without interruption by a resulting protrusion. Thus the rupture must appear immediately and be accompanied by pain without any sort of substantial interval following the injury, and the resultant hernia must follow in due, natural, and uninterrupted course from the rupture.” [3]
Evidence in the present case that claimant did in fact suffer an- accidental injury, accompanied immediately and repeatedly by pain and complaints consistent with the subsequently diagnosed hernia, clearly meets the statutory standard applied in the Frohman case: that in order for a hernia to “immediately” follow an accident it must appear so soon after the injury that it would not be possible to attribute it to any other cause.
We conclude that the Commission correctly affirmed the deputy’s findings but misconstrued their legal effect. References to “hernia as defined by Webster as a protrusion” overlook the uniform definition of the term as including or synonymous with “rupture.”[4] There can be no doubt that the statute requires some immediate manifestation of the hernia, but previous cases are in our opinion entirely consistent with the above quoted rationale under which the statutory requirement can be met by evidence of immediate manifestations other than a visible lump.
The petition for certiorari is therefore granted, the order of the Commission is quashed and the cause remanded with directions that an award be entered accordingly.
ROBERTS, THORNAL and ERVIN, JJ-, concur.
CALDWELL, C. J., dissents.

. 138 Fla. 864, 190 So. 612. We find no deviation from this decision in later cases. The opinion in General Properties Co. v. Greening, 154 Fla. 814, 18 So.2d 908, expressly states that the Atlantic Marine decision was not in point, in a situation where there was no evidence of a sudden accidental cause for claimant’s hernia. That opinion provides no reasonable foundation for the comment by way of dicta in the case of Frohman Gear Co. v. Fellows, Fla., 149 So.2d 557, 559, that “it appears the dissenting view of the Atlantic Boat Yard ease, supra, became the majority opinion * *

. Fla.1963, 149 So.2d 557.

. Liberty Mut. Ins. Co. v. Blackshear, 197 Ga. 334, 28 S.E.2d 860.

. Stedman’s Medical Dictionary, 2nd Law. Ed.