ERVIN, Judge,
dissenting.
I respectfully dissent to that portion of the majority’s opinion holding claimant’s right-side hernia noncompensable. I think there is competent and substantial evidence supporting the judge’s implicit finding that the hernia occurred immediately following the accident. As observed by the majority, *1321 claimant testified that he felt excruciating right-side pain just after picking up a barbell during the course of his employment, and that his treating physician, upon hearing his history and examining him, diagnosed a right inguinal hernia which was surgically repaired in April 1975.
In my judgment the evidence also sufficiently supports the statutory requirement that the hernia appear suddenly. The fact that claimant never noticed a lump is not in my view fatal to his claim for compensation. A long line of cases recognize that a hernia need not be immediately visible after an accident. E. g., Atlantic Marine Boat Yard v. Daniel, 138 Fla. 864, 190 So. 612 (1939) (lump appeared one month following accident); Cost v. Texaco, Inc., 207 So.2d 437 (Fla.1968) (lump discovered three weeks later); Exxon Co. v. Alexis, 370 So.2d 1128, 1130 (Fla.1979) (injury apparent two months later). As noted in Cost, the statute’s condition “can be met by evidence of immediate manifestations other than a visible lump.” Id. at 438.
While I would affirm the judge’s finding that the right-side hernia was caused by industrial accident, I otherwise concur in the remainder of the majority’s opinion.