A03A1279. UNION CITY AUTO PARTS et al. v. EDWARDS.
(589 SE2d 351)

ADAMS, Judge.

Union City Auto Parts and its insurer ("UCAP") appeal the superior court's order holding that its employee Jay Edwards was entitled to payment of workers' compensation medical benefits for an on-the-job injury aggravating his pre-existing hernias. Because OCGA § 34-9-266 expressly disallows payment of medical expenses for aggravation of any type of pre-existing hernia we find that the superior court erred in awarding compensation relating to the hernias. We accordingly reverse and remand the case to the superior court with direction that it affirm the award of the State Board of Workers' Compensation Appellate Division denying medical benefits for treatment of Edwards's hernias.

The salient facts are undisputed. Before Edwards went to work for UCAP, he underwent surgery to remove his left kidney. He later developed two hernias at the incision site of this surgery. These hernias significantly worsened after Edwards was injured in an on-the-job automobile accident. UCAP controverted payment of medical expenses for repair of the hernias.[1] The administrative law judge ruled that because Edwards's incisional hernias were a pre-existing condition resulting from nonemployment-related medical procedures, the hernias did not meet the criteria for payment of compensation for hernias outlined in OCGA § 34-9-266. The ALJ accordingly denied medical benefits for expenses relating to the hernias. The appellate division adopted the ALJ's award.

Edwards appealed to the superior court, which remanded the case to the appellate division with direction to determine whether Edwards's incisional hernias — as opposed to inguinal or femoral hernias[2] — were governed by OCGA § 34-9-266. In its award, the

---

[1] UCAP properly did not controvert payment of Edwards's temporary total disability income benefits under OCGA § 34-9-261. While employers are not required to pay medical expenses for aggravation of a pre-existing hernia under OCGA § 34-9-266, they are required to pay income benefits when a claimant is disabled because of aggravation of a pre-existing hernia. See *Boswell v. Liberty Mut. Ins. Co.*, 77 Ga. App. 556, 560 (2) (49 SE2d 117) (1948); *Manufacturers Cas. Ins. Co. v. Peacock*, 97 Ga. App. 26 (1) (101 SE2d 898) (1958).

[2] Hernias develop as the result of a weakness in the muscle wall of the lower abdomen. As a result, the contents of the abdomen, such as intestine, may protrude through the opening creating a pain and a bulge. Inguinal hernias are located in the groin or inguinal canal.

appellate division did not directly address the distinction between incisional hernias and inguinal or femoral hernias or whether the distinction made a difference in the application of OCGA § 34-9-266. Instead, the appellate division simply stated that it felt constrained to conclude that under the statute and the case law interpreting it, Edwards is not entitled to compensation for his medical expenses relating to his incisional hernias. The appellate division added that "we find a better, fairer and more consistent policy would be to find that an aggravation of a pre-existing hernia condition is treated like any other aggravation of pre-existing condition injury." But it noted that it was bound by case law from this court — specifically, *Boswell v. Liberty Mut. Ins. Co.*[3] and *Manufacturers Cas. Ins. Co. v. Peacock*[4] — which prevented it from reaching that conclusion.

Edwards again appealed to the superior court, which apparently sympathized with the appellate division in its desire to treat aggravation of hernia injuries like any other case involving the aggravation of a pre-existing condition. The court noted that OCGA § 34-9-1 (4), which defines "injury" for workers' compensation purposes, was modified in 1994, to allow compensation for claims involving aggravation of a pre-existing condition.[5] The court reached the conclusion that the case law relied upon by the appellate division prohibiting compensation for aggravation of a pre-existing hernia had been "legislatively overruled" by this statutory amendment. The court accordingly remanded the case to the appellate division, ordering it to modify its award to indicate that Edwards would be compensated for treatment of his incisional hernias. This court granted UCAP's application for discretionary appeal in order to resolve this issue.

OCGA § 34-9-266 provides that a workers' compensation claim-

---

Femoral hernias occur more commonly in females than in males and develop in the femoral canal, which is somewhat lower than inguinal hernias. Incisional hernias occur in the area of prior abdominal surgical incisions. See generally R. Sloane, Sloane-Dorland Annotated Medical-Legal Dictionary, pp. 341-343 (1987 ed.); Dorland's Illustrated Medical Dictionary, pp. 756-759 (1994 ed.).

[3] 77 Ga. App. 556.

[4] 97 Ga. App. 26.

[5] Ga. L. 1994, p. 887, § 1.

Section 1. Chapter 9 of Title 34 of the Official Code of Georgia Annotated, relating to workers' compensation, is amended by striking paragraph (4) of Code Section 34-9-1, relating to definitions, and inserting in its place a new paragraph (4) to read as follows:

(4) "Injury" or "personal injury" means only injury by accident arising out of and in the course of the employment and shall not, except as provided in this chapter, include a disease in any form except where it results naturally and unavoidably from the accident. *Except as otherwise provided in this chapter, "injury" and "personal injury" shall include the aggravation of a preexisting condition by accident arising out of and in the course of employment, but only for so long as the aggravation of the preexisting condition continues to be the cause of the disability.* . . .

(Italicized portion represents the 1994 addition to OCGA § 34-9-1 (4).)

ant will only be entitled to payment of medical expenses relating to a hernia where

> (1) . . . there was an injury resulting in hernia, (2) the hernia appeared suddenly, (3) the hernia was accompanied by pain, (4) the hernia immediately followed an accident, and (5) the hernia did not exist prior to the accident for which compensation is claimed.

In cases such as *Boswell*[6] and *Peacock*,[7] this court held that this statute expressly bars claims for payment of medical expenses for aggravation of pre-existing hernias.[8] The superior court in this case held that *Boswell* and *Peacock* were legislatively overruled by the 1994 amendment to OCGA § 34-9-1 (4),[9] and thus ordered the appellate division to award medical benefits associated with Edwards's pre-existing hernias. UCAP correctly contends that this ruling is erroneous.

The amendment to OCGA § 34-9-1 (4) codified existing case law to permit compensation for injuries that cause aggravation of pre-existing conditions.[10] Such injuries are compensable *"[e]xcept as otherwise provided"* in the Workers' Compensation Act,[11] and OCGA § 34-9-266 provides such an exception. "Because the Workers' Compensation Act is in derogation of common law, its provisions must be strictly construed."[12] Strictly construing OCGA § 34-9-266, we find that the statute on its face bars compensation unless "the hernia did not exist prior to the accident for which compensation is claimed."[13] There is no question that Edwards's hernias existed prior to his work-related accident.

Contrary to Edwards's assertion, his incisional hernias are within the ambit of OCGA § 34-9-266. In *Liberty Mut. Ins. Co. v. Blackshear*,[14] the Supreme Court defined "hernia" for purposes of the statute as "the protrusion of an internal organ or part projecting through an opening in the walls of the abdominal cavity."[15] "Such an abdominal hernia may be one of five different types: inguinal, femo-

---

[6] 77 Ga. App. at 559-560 (1).

[7] 97 Ga. App. at 26 (1).

[8] See also *American Mut. Liability Ins. Co. v. Gunter*, 74 Ga. App. 500, 511 (1) (40 SE2d 394) (1946).

[9] See note 5, supra.

[10] See *Smith v. Mr. Sweeper Stores*, 247 Ga. App. 726, 728 (1), n. 10 (544 SE2d 758) (2001).

[11] (Emphasis supplied.) OCGA § 34-9-1 (4).

[12] *Coker v. Deep South Surplus of Ga.*, 258 Ga. App. 755, 756 (574 SE2d 815) (2002).

[13] OCGA § 34-9-266.

[14] 197 Ga. 334, 338 (3) (28 SE2d 860) (1944).

[15] Id.

ral, epigastric, umbilical or *incisional*."[16] Nothing in the statute or the case law suggests that incisional hernias of the type suffered here by Edwards are not included within the Supreme Court's definition in *Blackshear*.

The superior court accordingly erred in ordering the appellate division to award Edwards compensation for his medical expenses relating to his pre-existing hernias. The order of the superior court is accordingly reversed and the case remanded with direction that the superior court affirm the award of the appellate division denying medical benefits for treatment of Edwards's hernias.

*Judgment reversed and remanded. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 27, 2003.

*Garcia & Bradley, Ricky L. Bradley, Michael R. Ody*, for appellants.
*Wesley Williams*, for appellee.

---

[16] (Emphasis supplied.) Kissiah, Georgia Workers' Compensation Law, § 6.04 [1] (2nd ed. 2002), citing American Medical Association, Encyclopedia of Medicine, p. 535 (1989).