21054.   PRIDGEN *v.* MURPHY *et al.*

148

Decided October 3, 1931.

*Hoyt H. Whelchel, James C. Davis,* for plaintiff.
*James L. Dowling, P. Q. Bryan,* for defendants.

BELL, J. We first held in this case that the decedent who was employed as a woods-rider in a turpentine business was a "farm laborer" within the meaning of the section of the workmen's compensation act excluding certain classes of employees from its provisions. We later granted a rehearing, and the case is still before us. After continued and painstaking research and deliberation, we have now reached a contrary conclusion, and will hold that the decedent was not a farm laborer within the meaning of the statute. Many decisions and statutes have been examined, but this opinion will be limited to a discussion of the very few authorities that we deem to be directly in point.

In Griffith *v.* Hulion, 90 Fla. 582 (4), 589 (107 So. 354), the Supreme Court of Florida, in construing section 3506 of the Revised General Statutes of Florida, which provided for a lien "in favor of any person performing any labor in, or managing, or overseeing the cultivation or harvesting of crops," held that this statute was enacted for the benefit of agricultural laborers, their managers or overseers, and did not embrace persons engaged in

the turpentine industry. In the course of the opinion, the court said: "The chipping, scoring, or streaking of pine trees, by which the bark is torn away and the fiber of the tree exposed, so as to induce the flow therefrom of the sap or crude turpentine, rather than being a process of cultivation, is a process destructive in its nature, however beneficial in its results to mankind the lesion thus produced on the tree may be. There is no tilling of the ground or fertilizing of the soil around the tree, but a destruction of a portion of the tree in order to obtain the annual flow of the valuable sap which nature has already produced in its body. . . To hold that this section of the statute embraces the turpentine industry would be to do violence to the plain and commonly accepted meaning of the language used." The decision in that case was by a court which ought to speak with authority upon the question, since the turpentine business is perhaps more common in the State of Florida than in any other part of the country. We find no satisfactory reason for disagreeing with that decision, and will follow it as an authoritative expression as to the essential character of the turpentine business. In principle the *Griffith* case answers in the negative the question of whether a person employed as a woods-rider in a turpentine business is a "farm laborer" within the meaning of this language as used in the compensation act.

The Federal courts have held that the turpentine business is not "agriculture." United States *v.* Waters-Pierce Oil Co., 196 Fed. 767; Union Naval Stores Co. *v.* United States, 240 U. S. 284 (36 Sup. Ct. 308, 60 L. ed. 644). The rule that the compensation act shall be liberally construed applies in determining whether a particular employment is within its provisions. *New Amsterdam Casualty Co.* v. *Sumrell,* supra; Johnson *v.* Wisconsin Lumber &c. Co., (Wis.) 234 N. W. 506, 72 A. L. R. 1279.

The other rulings in the headnotes do not require elaboration. *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*