## 22199. BALLARD v. BUTLER.

DECIDED OCTOBER 14, 1932.

*R. D. Smith,* for plaintiff in error.    *W. B. Kent,* contra.

SUTTON, J. Butler was injured while riding in a motor-truck owned by Ballard and driven by one of his employees. Butler claimed that he was employed by Ballard and was acting within the scope of his employment when injured, and applied to the industrial commission for compensation under the workmen's compensation act. The evidence on the hearing authorized the commission to find that Ballard was a man of many activities; that he ran a truck farm, and was engaged in buying and selling produce, transporting it to Florida, to the farmers' market in Atlanta, to northern States, and at times was also engaged in hauling furniture and fertilizers; that at times he had a great number of employees, running as high as fifty; that many of them were engaged in doing regular farm work; that at the time of the accident he had more than ten men who were not engaged in farm work but were engaged in repairing trucks, loading and driving trucks, hauling produce and other articles of merchandise; and that the claimant was employed by him as a mechanic and helper. The commission found, as a finding of fact, that the evidence showed that Ballard was a jobber or broker, and engaged in other activities, and that he employed more than ten men and therefore came under the workmen's compensation act. The commission further found, as a finding of fact, that the accident arose out of and in the course of the employment of the claimant with Ballard, and that the claimant, at the time of the accident, was not a farm laborer nor a domestic servant, and that Ballard had in active service at the

time of the accident more than ten persons engaged in his business who were not farm laborers nor domestic servants. The commission awarded compensation to Butler. From this award the employer appealed to the superior court. His grounds of appeal were that the commission acted without and in excess of its powers, in that there was not sufficient competent evidence to warrant the award; that appellant was not such an employer of labor as brought him within the terms of the act; that at the time of the injury the claimant was not an employee of his, and that at the time of the injury the appellant did not have in his employ the number of men necessary to give the commission jurisdiction. The employer further contended in his appeal that the evidence showed beyond dispute that at the time of the injury the claimant was in joint control of the truck belonging to him and that the truck was being driven at an unlawful rate of speed. The superior court rendered judgment against the appellant and held that there was sufficient competent evidence to authorize the commission to make the award complained of, and that the same was not contrary to law. To this judgment the employer excepts.

1. Findings of fact by the industrial commission within its power are, in the absence of fraud, binding and conclusive upon all the courts, if there is any evidence whatever to support such findings. *Ocean Accident &c. Cor.* v. *Council,* 35 *Ga. App.* 632 (2) (134 S. E. 331); *Pridgen* v. *Murphy,* 44 *Ga. App.* 147 (3) (160 S. E. 701); *Ocean Accident &c. Cor.* v. *Dean,* 44 *Ga. App.* 220 (160 S. E. 823); *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75). The evidence of the claimant in this case was sufficient to authorize the award made by the industrial commission in his favor, although his evidence was directly contradicted by the evidence of several other witnesses. The solution of this case rested upon the credibility of witnesses, and the award of the commission is not subject to be set aside by the superior court or this court. *Ocean Accident &c. Cor.* v. *Dean,* supra.

2. While the workmen's compensation act exempts farming from its operation, a truck farmer who is also a jobber and broker, buying, selling, and hauling farm products and other articles of merchandise, and employing trucks and men to operate and care for them, is not, as to this portion of his business, exempt from the provisions of the workmen's compensation act.

3. The evidence did not demand a finding that the claimant was in joint control of the truck at the time of the accident. Claimant testified that he was riding in the truck to Atlanta to get some parts for a truck, which he was to repair, at the instance of his employer, that the driver of the truck was in charge of the operation thereof, that he cautioned the driver about his speed, and that his injury was due to the acts of this driver in operating the truck at a fast rate of speed and in cutting over on the wrong side of the road.

4. It follows that the judgment of the superior court affirming the award of the commission was not erroneous for any of the reasons assigned.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*