### 23237. CAMPBELL COAL COMPANY v. RENDER.

MacINTYRE, J. 1. This case arose on appeal from a finding of the industrial commission against the employer, and affirmance of that finding by the superior court. The defendant in error moved to dismiss the bill of exceptions because no attempt was made to make a brief of evidence in the case as is required by law. Section 6093 of the Civil Code (1910), upon which this motion is based, provides that "The brief of evidence required in motions for new trial shall be a condensed and succinct brief of the material portion of the oral testimony," etc. This section applies to motions for a new trial, and has no application to the "transcript of all the testimony taken therein," referring to proceedings before the Industrial Commission and appeals therefrom to the superior court. The motion to dismiss the bill of exceptions is without merit and is overruled. Ga. L. 1920, p. 167, sec. 59; (Code, Park's Supp. 1922, § 3154(ggg), Michie, § 3154(59)); *Schmidt* v. *Mitchell*, 117 *Ga.* 6 (43 S. E. 371); *Fricker* v. *Americus Imp. Co.*, 124 *Ga.* 165 (2) (52 S. E. 65); *McKenzie Trust Co.* v. *Bullard*, 35 *Ga. App.* 19, 22 (132 S. E. 125).

2. The single commissioner found as a matter of fact that the injury to the claimant, for the total disability resulting, for which he is seeking additional compensation in this case, under section 45 of the workmen's compensation act, arose out of and during the course of his employment, and this finding is supported by the evidence adduced upon the hearing. The single commissioner found also as a matter of fact that the claimant was totally disabled from pursuing competitive labor in September, 1931, at the time he left the employ of the employer, and that such total

disability resulted from his injury in March, 1929, for which he received compensation, later returning to work for the employer until September, 1931, when his condition became worse and he did not return to work. These findings of fact by the single commissioner were affirmed by the full commission, with one dissent. The matter was appealed to the superior court, where the findings of the commission were approved and the appeal overruled. In these circumstances, there being evidence upon which to base the finding of the single commissioner, they are, in the absence of fraud, binding upon this court, and will not be disturbed. *Ballard* v. *Butler*, 45 *Ga. App.* 838 (166 S. E. 220); *Georgia Power & Light Co.* v. *Patterson*, 46 *Ga. App.* 7 (166 S. E. 255). With respect to the sufficiency of the evidence to support it, an award made by a single commissioner or the commission, approved by the superior court, stands in this court as the verdict of a jury approved by the trial judge does in other cases. *Jackson* v. *Lumbermen's Mutual Casualty Co.*, 33 *Ga. App.* 35 (125 S. E. 515); *London Guarantee &c. Co.* v. *Shockley*, 31 *Ga. App.* 762 (122 S. E. 99).

3. The employee received a head injury in March 1929. He was operated on for this injury, a portion of his skull being removed. He received compensation for this injury, and signed a final receipt therefor. He returned to work and was thereafter injured again and received compensation for this injury. He returned to work and was injured a third time, in September, 1931, and did not return to work from this injury, but filed his claim for additional compensation under section 45 of the workmen's compensation act, setting up a change in condition, resulting from the head injury that had totally disabled him. Such application, filed under section 45, was not subject to the limitation set forth in section 25 of the act, that the injured employee must file his claim for compensation within one year from the date of the accident. Section 45 provides that the commission "may at any time review any award or any settlement made by the parties," "upon the ground of change in condition," and on such review may make an award "increasing the compensation." The final settlement with the employer as to the head injury did not preclude the claim of the employee for compensation for the total disability resulting to him from the head injury. *U. S. Casualty Co.* v. *Smith*, 34 *Ga. App.* 363 (129 S. E. 880), s. c. 162 *Ga.* 130 (2) (133 S. E. 851).

4. Applying the above rulings, the court below did not err in overruling the appeal of the employer from the award of the industrial commission.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED FEBRUARY 17, 1934.

*Alston; Alston, Foster & Moise,* for plaintiff in error.
*Ben C. Williford,* contra.