## 32375.  FREE *v.* McEVER *et al.*

DECIDED JUNE 17, 1949.  REHEARING DENIED JULY 30, 1949.

*R. H. McEver*, pro se. *Kenyon, Kenyon & Gunter*, for plaintiff. *Sam S. Harben*, for defendant.

GARDNER, J. (After stating the foregoing facts.) ■ It is contended by counsel for the employer and the insurance carrier that the employee is a farm laborer, and that therefore the Workmen's Compensation Law does not apply to him, as provided in Code § 114-107. In determining this question the words of the statute must be construed reasonably and liberally with the view of applying the beneficent provisions of the statute so as to effectuate its purposes, and to extend them to every class of workman and employee that can fairly be brought within the provisions of the law. See *Lee* v. *Claxton*, 70 *Ga. App.* 226, 228 (28 S. E. 2d, 87).

The undisputed evidence discloses that the employer did not have room at the plant at Talmo for the cattle and hogs used in connection with his business between the times when he would procure them and the times when they were slaughtered. During these times the cattle had to be kept and cared for, whether on the premises where they were to be slaughtered or elsewhere. The employer, therefore, procured this land, which he used exclusively in connection with his meat-packing business. While it is true that the sowing of grain and the harvesting of grain and hay is agricultural work, that does not necessarily have a direct connection with the meat-packing business, however, when such business is operated in the manner in which

the employer operated his business, the keeping of cattle and hogs and the feeding and caring for them, although this may also be agricultural work, is work essential to the meat-packing business. The employee was on the payroll of the employer in connection with the meat-packing business, and the fact that he performed this essential work for the employer on land that had once been a dairy farm, and was even at the time of the injury producing grain and hay as the result of other labor of the employee, renders him no less an employee of the employer in connection with the meat-packing business than he would have been had he only performed the work essential to the meat-packing business at the plant of the employer at Talmo. It follows, therefore, that, construing the law as required, the employee herein is not precluded from its benefits by reason of being a farm laborer.

■ It is contended by counsel for the employer and the insurance carrier that, since the injury to the employee occurred while he was dragging a log to be used as firewood to heat his house—notwithstanding the fact that both the house and the wood were furnished the employee by the employer under the terms of the contract of the employment—the employee was, nevertheless, performing work for his own benefit, which was not in any way connected with the business of the employer; and that, therefore, the injury did not result from an accident arising out of and in the course of the employment. The evidence is undisputed that the employee was on duty 24 hours each day and 7 days each week. The contract of employment required him to be where he could perform certain regular duties in connection with caring for the employer's livestock such as feeding and watering them. It also required him to be where he could respond to any emergency that might arise, such as sickness among the livestock, their breaking out of the enclosures, etc. The contract of employment contemplated that he would be on these premises and in position to perform these duties at such times as the need might arise. The contract of employment contemplated that he would use the house on the premises provided for him by the employer in which to live and there remain in readiness to perform his required duties. The employee was injured in the month of February,

a winter month. The contract of employment contemplated that the place where the employee would remain in readiness to perform his duties, that is, in the house, would be provided with heat in the winter time, hence the provision in the contract by the terms of which the employer furnished the employee firewood from the land. In construing Code § 114-102 on the question of whether actual injury sustained by an employee arose out of and in the course of his employment, the Supreme Court in *Thornton v. Hartford Accident & Indemnity Co.*, 198 *Ga.* 786 (32 S. E. 2d, 816), said: "An accident arises 'in the course of employment' within the meaning of the Workment's Compensation Act, when it occurs within the period of employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incident thereto. . . An accident arises 'out of' the employment when it arises because of it as when the employment is a contributing proximate cause. This and the condition stated above must concur before the act can apply." This was quoted from *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (2) (118 S. E. 786). See also *Employers Liability Assurance Corporation* v. *Montgomery*, 45 *Ga. App.* 634 (165 S. E. 903); *Liberty Mutual Ins. Co.* v. *Mangham*, 56 *Ga. App.* 498 (193 S. E. 87).

Here the accident occurred within the period of the employment, at a place where the employee reasonably was expected to be in the performance of his duties and while he was doing something incidental thereto. The accident arose because of his employment. As hereinbefore pointed out, the contract contemplated that he, while on duty, would procure wood to heat the house where he stayed awaiting the occasion to do the work which the employer engaged him to do. The getting of this wood, therefore, was incidental to this employment. Since the employee at the time of his injury was getting wood provided for by the contract of employment, the accident arose because of this employment and the employment was a contributing proximate cause. It follows, therefore, that applying the rule quoted in the *Thornton* case to the facts in the instant case, the accident arose out of and in the course of the

employment within the meaning of the Workmen's Compensation Law.

The cases cited in the brief of counsel for the employer and the insurance carrier and relied upon as authority to the contrary of what is here held are too numerous to distinguish severally. However, those cases have been thoroughly studied and have been found not to constitute authority antagonistic to this decision.

Although the principle of law applied herein is amply supported by decisions of our appellate courts (See *Thornton* v. *Hartford Accident Indemnity Co.*, supra, and cases there cited), there has not heretofore been a case before our courts involving a contract of employment by the terms of which the employee was to be furnished house rent and firewood as a part of his compensation; but this exact question was decided by the Supreme Court of Wisconsin in Kraft *v.* Industrial Commission, 201 Wis. 339, in which that court held: "The employee, whose compensation by the terms of the contract of hire was daily wages and 'wood and house rent free,' injured after ordinary working hours while cutting into stove-length pole wood furnished by the employer, was properly found to be performing services in the course of his employment or incidental thereto; the contract to furnish free wood being reasonably interpreted by the commission, in the exercise of its function to draw the proper inferences from the facts, to mean stove wood, ready for use." The facts in the instant case are more favorable to the employee than in the Kraft case, for the reason that here, while the employee was engaged in getting wood, he was on duty, and in the Kraft case the employee was cutting the wood after his regular working hours.

■ It is contended by counsel for the employer and insurance carrier that the policy of insurance, which was introduced in evidence and is a part of the record, does not cover the employee, for the reason that he did not work for the employer at Talmo where the packing plant of the employer is located. According to the terms of the policy, it protects the employer from the risk of the Workmen's Compensation Law at the "location of all factories, shops, yards, buildings, premises or other work-places of this employer, by town or city, with street and

number Talmo, Georgia, and elsewhere in the State of Georgia." The classification of operations contained in the policy is as follows: "Packing houses — all operations — including butchering or the handling of livestock." The policy appears to conform to all requirements contained in Chapter 114-6 of the Workmen's Compensation Law and covers the employee.

■ The undisputed evidence in this case demands a finding by the State Board of Workmen's Compensation that the employee was, as a matter of law, such an employee of the employer as to entitle him to the benefits of the Workmen's Compensation Act at the time of his injury, and that, as a matter of law, his injury resulted from an accident which arose out of and in the course of his employment. The judgment of the trial court affirming the award of the State Board of Workmen's Compensation is therefore error, and is reversed with direction that the case be remanded to the State Board of Workmen's Compensation for the purpose of entering an award in favor of the employee in accordance with the law.

*Reversed, and remanded with direction. MacIntyre, P. J., and Townsend, J., concur.*