A89A0234. GLEN OAK'S TURF, INC. v. BUTLER.

(383 SE2d 203)

CARLEY, Chief Judge.

After she was injured in an on-the-job accident, appellee-employee filed a claim for workers' compensation benefits. Asserting that it was engaged in the business of "farming" and that it had hired appellee as a "farm laborer," the appellant-employer denied the existence of coverage based upon OCGA § 34-9-2 (a). That statute provides that the Workers' Compensation Act "shall not apply . . . to farm laborers . . . ; nor to employers of such employees. . . ." Although the Administrative Law Judge (ALJ) did find that appellant was in the "farming" business, he further concluded that appellee had not been employed as a "farm laborer." Having thus found there to be no exclusion from workers' compensation coverage under OCGA § 34-9-2 (a), the ALJ awarded benefits to appellee. On de novo review, the Full Board adopted the award of the ALJ and, on appeal to the superior court, the Full Board's award of benefits to appellee was affirmed. Appellant's application for a discretionary appeal was granted in order that we might address the issue of the applicability of the farming exemption of OCGA § 34-9-2 (a) to appellant's business and appellee's employment.

It is undisputed that appellant is engaged in the business of farming. It is also undisputed that appellant is engaged *only* in the business of farming, raising and marketing its own crops. See *Oft v. Sims*, 142 Ga. App. 9 (235 SE2d 41) (1977). Compare *Ballard v. Butler*, 45 Ga. App. 837 (166 SE2d 220) (1932) (truck farmer who was *also* a jobber and broker, buying, selling, and handling farm products and other merchandise, and employing trucks and men to operate and care for them); *Utica Mut. Ins. Co. v. Winters*, 77 Ga. App. 550 (48 SE2d 918) (1948) (employer engaged in the automobile business, the gasoline business *and* farming); *Free v. McEver*, 79 Ga. App. 831 (54 SE2d 372) (1949) (employer engaged in meat packing business *as well*

*as* agriculture). Appellee was not hired in connection with the actual cultivation of appellant's crops. She was employed to drive a truck and deliver appellant's crops to its customers. In doing so, appellee was clearly engaged in work which was incidental to appellant's farming business. "The term 'farm laborers' as used in [OCGA § 34-9-2 (a)] . . . means laborers who are employed in or about the business of farming, and the word 'farming,' in its ordinary sense, signifies the cultivation of land for the production of agricultural crops, *with incidental enterprises. . . .*" (Emphasis supplied.) *Prigden v. Murphy*, 44 Ga. App. 147 (1) (160 SE 701) (1931). "[I]f a farmer does no more than go about and sell at retail the products of his own farm, he is still engaged in farming activities. Moreover, labor that is merely incidental to selling a farm product . . . is within the exemption." Larson, Law of Workmen's Compensation, 1C § 53.33, p. 9-205 (1986). It follows that appellee, as a truck driver who was engaged in the incidental work of delivering appellant's crops, is a "farm laborer" who is excluded from workers' compensation coverage pursuant to OCGA § 34-9-2 (a). "An employee of the owner of . . . land [used exclusively for farming purposes], who was engaged in [delivering crops raised thereon], notwithstanding [she] had not been employed to do any other work on the farm, but was employed solely for the purpose of assisting in the [delivering of the corps], was a farm laborer, and for an injury caused . . . while engaged in [such a delivery] in the course of [her] employment [she] was not entitled to compensation under the [W]ork[ers'] [C]ompensation [A]ct. [Cits.]" *Culpepper v. White*, 52 Ga. App. 740 (1) (184 SE 349) (1936).

Accordingly, the superior court erred in affirming the award of workers' compensation benefits to appellee. Admittedly, appellant is engaged in farming on a large scale and it has more than three employees whose duties pertain to the marketing of appellant's crops rather than the actual cultivation of them. Appellant nevertheless engages exclusively in farming and all of its marketing employees are engaged in employment which is incidental thereto. Whether those employers who engage exclusively in farming on a large scale and their employees who are assigned to the marketing, but not the cultivation, of crops should be removed from the scope of the broad exemption of OCGA § 34-9-2 (a) is a matter which must be addressed by the General Assembly, not by the Full Board or by the courts.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 7, 1989.

*Webb, Fowler & Tanner, Anthony O. L. Powell, Swift, Currie, McGhee & Hiers, Guy R. Taylor*, for appellant.

*Madeleine E. Gimbel, Walter A. Jones*, for appellee.