## A92A0562. TRANSUS, INC. v. FLECK.
(418 SE2d 817)

BEASLEY, Judge.

Employer/self-insurer Transus, Inc. was granted discretionary appeal from the superior court's affirmance of an award by the State Board of Workers' Compensation, reversing an award by the ALJ which permitted Transus to recover lump sum advance payments made to employee/claimant Fleck by reducing Fleck's weekly income benefits. See OCGA § 34-9-222 (b).

In 1985, Fleck sustained compensable injuries while employed with Transus and began receiving compensation, including temporary total disability benefits. In 1987, Fleck petitioned the Board for a $5,000 advance. On June 10, 1987, the Board approved Fleck's application and directed that Transus take "credit for the advance upon determination of permanent partial disability by reducing the period during which those benefits are to be paid." Later that year, Fleck sought and was granted another advance. A December 9 award authorized Transus to pay Fleck a $10,000 lump sum advance, again with Transus to take credit by reducing the period of payment of permanent partial disability benefits.

In 1988, Transus became aware of certain medical and rehabilitative determinations that Fleck was permanently and totally disabled, so that there would be no permanent partial disability rating. It moved for reduction of the employee's weekly benefits in order to recover the monies advanced. Following a hearing before an ALJ at which most of the evidence was by stipulation, including that Fleck was totally disabled and unlikely ever to return to work, the ALJ determined that the proper way for Transus to recoup the advances was to reduce the amount of weekly benefits inasmuch as it would be difficult to project Fleck's life span, and thus, to suspend benefits by reducing the period of payment. The ALJ directed that the income benefits be reduced by $50 per week in order for Transus to recoup the advances made under OCGA § 34-9-222 (b).

Fleck appealed. The Board found that a review of its file showed that no appeal was taken from the June 10 and December 9 awards and that neither award made any provision for an alternative method of repayment in the event that permanent partial disability would not become payable. It concluded that the awards were res judicata with respect to the method of repayment of the advances, so that the employer/self-insurer was not entitled to recover the amount advanced by reducing the amount of weekly benefits payable for total disability. It further concluded that the case did not present a question of change in condition as contemplated by OCGA § 34-9-104 inasmuch as the employee was totally disabled at the time the awards were issued in 1987.

Transus challenges each item as well as the Board's major findings and the Board's procedure in reviewing its files. However, the gravamen of the appeal is the Board's ultimate determination that the advances could only be recovered in the manner expressly stated in the advance awards.

Preliminarily, the record raises a significant question of waiver by Fleck. Neither at the hearing on Transus' motion before the ALJ nor in submitted brief, did Fleck raise any defense of res judicata or that he had not sustained any change of condition as defined in OCGA § 34-9-104 (a). Nor was any specific or articulable objection made to the propriety of consideration of Transus' motion or of the motion itself. It was only at the conclusion of the short hearing, during testimony of Fleck's counsel on the question of attorney fees, did counsel mention without elaboration that Transus' motion was "improper." In fact, at the close of the earlier portion of the hearing dealing with the merits of the motion, Fleck's counsel stated, "we have no problem with any of what was done here." See *Maryland Cas. Co. v. Smith,* 122 Ga. App. 262 (176 SE2d 666) (1970), which involved a claimant's failure to raise objection at the hearing stage.

Assuming issues of res judicata and no change of condition were properly preserved for consideration by the Board, and assuming further it was procedurally appropriate for the Board to consult its files which were not formally in evidence, the Board's findings were not supported by the evidence, and its conclusion to deny Transus recoupment by reduction of the paid weekly income benefits was contrary to law. See OCGA § 34-9-105 (c).

First, the undisputed evidence belies the finding that Fleck did not undergo a change in condition as contemplated by OCGA § 34-9-104 (a). Following Fleck's injury and thereafter, Fleck was being paid total income benefits, which had not been determined to be of permanent duration. That is, he was being paid for *temporary* total disability. It was stipulated by both sides that at the time of the hearing before the ALJ, Fleck was totally disabled and likely never to return to work, i.e., *permanently* disabled. In fact, a medical opinion about Fleck's then condition, submitted without dispute to the ALJ, stated, "[a]s a practicable matter [Fleck] is totally disabled and his disability is permanent."

The Board's substantive finding of res judicata on the method of repayment is legally unsupported. The doctrine of res judicata applies only to matters actually in issue or which could have been put in issue. See *Firestone Tire &c. Co. v. Pinyan,* 155 Ga. App. 343, 345 (2) (270 SE2d 883) (1980). There is no evidence that the question of Fleck's permanent total disability could have been addressed at the time of the advances. Moreover, the language in the awards that recovery be by reduction of permanent partial disability merely re-

flected the then anticipated means of repayment. It was not itself a substantive bar to recoupment if the employee's anticipated disability status did not materialize. To conclude otherwise would work an injustice on the employer/self-insurer who has provided additional assistance to claimant by virtue of the advances. Moreover, such a conclusion is not consistent with the purpose and spirit of OCGA § 34-9-222 (b).

The Board award refusing Transus recovery of the paid lump sum advances by reduction of Fleck's temporary total disability weekly benefits was not supported by the evidence and was contrary to law. The superior court erred in denying Transus' appeal and affirming such award. See OCGA § 34-9-105 (c). The judgment is reversed and the case remanded for proceedings consistent herewith.

*Judgment reversed and case remanded. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 20, 1992.

*Robert L. Kiser*, for appellant.
*S. Lee Storesund*, for appellee.