A95A0350. LUMBER CITY EGG MARKETERS, INC. v. PIERCY.
(458 SE2d 364)

BEASLEY, Chief Judge.

While employed by Lumber City, Piercy was injured and began to receive workers' compensation benefits under Lumber City's self-insurance plan. Lumber City then controverted the claim, contending Piercy was ineligible because he was a farm laborer. OCGA § 34-9-2 (a). An administrative law judge awarded benefits, which the Appellate Division of the State Board adopted and the superior court af-

firmed. Permission to appeal was granted.

The Workers' Compensation Act "shall not apply . . . to farm laborers . . . nor to employers of such employees. . . ." OCGA § 34-9-2 (a). Lumber City challenges the ALJ's conclusion that the exemption did not apply. OCGA § 34-9-105 (c) (5); see *Transus, Inc. v. Fleck*, 204 Ga. App. 306 (418 SE2d 817) (1992).

Lumber City's operations included an egg farm and a processing plant, which were on the same property but kept separate. The farm contained chicken houses, cattle and hay fields. At the processing plant, eggs from the farm and eggs purchased from other farmers were cleaned, boxed and prepared for shipment. The eggs, and other foods for which Lumber City served as wholesaler, were also shipped and sold from this site. The farm accounted for over half the revenue.

The ALJ found that Piercy worked on the farm. Around the time of his injury, he serviced the equipment used to feed and water the chickens in the chicken houses, operated the machine that removed manure from the chicken houses, and picked up eggs when so directed. He was shoveling manure when his injury occurred. There was evidence he did some work in the egg processing plant, after his injury. Lumber City reported him as an agricultural worker on the correct tax form only after the injury, due to a general accounting change. The ALJ did not find Lumber City's late defense on the grounds of no coverage unreasonable.

The award stated: "Where an enterprise is engaged only in the business of farming and marketing its own crops, an agricultural exemption under the code applies but not otherwise," citing *Glen Oak's Turf v. Butler*, 191 Ga. App. 840 (383 SE2d 203) (1989). The ALJ found Lumber City was not primarily in the business of farming and the designation of Piercy as a farm laborer was primarily for accounting purposes. He concluded Piercy was "not a full-time farm laborer within the meaning of the Act" so that exemption from the Act did not apply.

*Glen Oak's* does not stand for the proposition that the exemption applies only if the employer is engaged exclusively in farming. Rather, exclusivity of the employer's operations may be used to determine whether a worker who performs a non-farming function is doing work incidental to farming and therefore falls within the exemption. *Glen Oak's*, supra; *Culpepper v. White*, 52 Ga. App. 740 (1) (184 SE 349) (1936). The focus of the exemption is the status of the employee, not the total activities of the employer. The question is whether Piercy was a farm laborer, not whether Lumber City engaged in activities other than farming.

"The term 'farm laborers' must be given its ordinary significa-tion, and it signifies the cultivation of agricultural crops." *Oft v. Sims*, 142 Ga. App. 9 (235 SE2d 41) (1977) (dairy worker could not be

claimant under the Act). Farming "includes the growing of livestock . . . chickens, turkeys, swine, etc." *Ga. Power Co. v. Fletcher*, 113 Ga. App. 559, 562 (2a) (148 SE2d 915) (1966). It also includes raising and keeping chickens for the production of eggs.

A farm laborer under the Act need not work exclusively as such. "A farmer or farm laborer who tills the soil and raises crops would not cease to be such if he did some cleaning out of a well as an incident to farming." *Utica Mut. Ins. Co. v. Winters*, 77 Ga. App. 550, 553 (1) (48 SE2d 918) (1948). The issue is whether an employee who performs some other duties retains his general character as a farm or non-farm laborer; the character of the work does not change with every temporary duty assignment. Id. at 554-555 (2). If Piercy performed non-farm duties, they would have to be such as to change the general character of his work, or the exemption would remain. His contention, that Lumber City's actions concerning his tax status and initial treatment of his claim show he was not a farm laborer, fails. Those actions are consistent with a recognition that Piercy was not a farm laborer, but they do not address the actual character of his work.

The ALJ's award was contrary to law in that it relied on incorrect legal standards concerning whether Lumber City was engaged exclusively in farming and whether Piercy was a full-time farm laborer. The award does not reveal whether the ALJ found the general character of Piercy's work was that of a non-farm laborer. Thus the case is remanded for further factual findings and proceedings consistent therewith.

*Judgment reversed and case remanded. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 16, 1995 —
RECONSIDERATION DENIED JUNE 13, 1995 —

*Savell & Williams, John M. Williams, Kimberly F. Weiss*, for appellant.
*Luman C. Earle*, for appellee.

