A97A0675. J & C POULTRY v. REYES-GUZMAN.
A97A0676. CRIDER COMPANIES/CRIDER POULTRY et al. v. REYES-GUZMAN.
(489 SE2d 853)

McMURRAY, Presiding Judge.

The Crider Companies/Crider Poultry ("Crider") and J & C Poultry Company ("J & C") filed these appeals from a superior court order reversing the appellate division of the State Board of Workers' Compensation's finding that Juan Reyes-Guzman is ineligible for workers' compensation benefits because his job as a poultry worker places him within OCGA § 34-9-2 (a)'s "farm laborers" exemption. The superior court concluded that this exemption does not apply because Guzman's work — gathering, boxing and loading chickens — was more akin to trade and commerce than to the cultivation of chickens. We affirm because Guzman's status as an employee of an independent contractor, not a chicken farmer, retained by the processor only to catch, box and transport chickens in the processor's trucks, does not place him within OCGA § 34-9-2 (a)'s "farm laborers" exemption.

OCGA § 34-9-2 (a) provides that the Workers' Compensation Act shall not apply to "farm laborers." While many reasons have been given to explain this exemption, the common object seems to be exclusively for the protection of farmers. See Larson, Law of Workmen's Compensation, 1C § 53.30.[1] The term "farm laborers," as used

---

[1] Neither turpentine producers, *Pridgen v. Murphy*, 44 Ga. App. 147 (160 SE 701), nor

in OCGA § 34-9-2 (a), has therefore been given its ordinary significa-
tion. See *Oft v. Sims*, 142 Ga. App. 9 (235 SE2d 41). That is, farm
labor includes all direct and incidental activities involving the culti-
vation of agricultural crops and the growing, feeding and manage-
ment of "livestock . . . chickens, turkeys, swine, etc." *Ga. Power Co. v.
Fletcher*, 113 Ga. App. 559, 561 (2), 562 (2) (a) (148 SE2d 915). The
question then, in the case sub judice, is whether Juan Reyes-Guzman
(as a matter of law) was so employed.

"Sometimes intensive specialization, if carried too far, is enough
to transform agriculture to commerce." Larson, Law of Workmen's
Compensation, 1C § 53.34. And this is why "exclusivity of the
employer's operations may be used to determine whether a worker
who performs a non-farming [or farming] function is [or is not] doing
work incidental to farming. . . . *Glen Oak's*, supra; *Culpepper v.
White*, 52 Ga. App. 740 (1) (184 SE 349) (1936). The focus of the
exemption is the status of the employee, not the total activities of the
employer." *Lumber City Egg Marketers v. Piercy*, 217 Ga. App. 584,
585 (458 SE2d 364). From this perspective, we observe, in the case
sub judice, that Guzman was not working for a chicken farmer when
he was injured. He was employed by a company which had nothing to
do with chicken growing, feeding or management. J & C specialized
in capturing, boxing and loading animal freight for Crider, a chicken
processor which purchased chickens from chicken farmers. Under
these circumstances, we cannot say the superior court erred in find-
ing that Guzman's job was more akin to trade and commerce than to
the cultivation of chickens, and concluding that Guzman was not, as
a matter of law, a farm laborer within the meaning of OCGA § 34-9-2
(a). Saying otherwise would place the "farm laborers" exemption
beyond the scope of its intended object, i.e., the economic welfare of
farmers. See Larson, Law of Workmen's Compensation, 1C § 53.30.

Since the controlling issue in the cases sub judice (whether com-
partmental sub-contracting of farming activities affects OCGA § 34-
9-2 (a)'s "farm laborers" exemption) has not been addressed in this
state, we cannot say Crider and J & C acted unreasonably in defend-
ing against Guzman's claim for workers' compensation benefits. Such
borderline cases over the scope of the farm labor exemption have
been the subject of controversy in Georgia as well as other jurisdic-

---

truck farmers who are also engaged in "buying, selling, and hauling farm products and other
articles of merchandise, and employing trucks and men to operate and care for them, . . . as
to this portion of [their] business, [are] exempt from the provisions of the [workers'] compen-
sation act." *Ballard v. Butler*, 45 Ga. App. 837, 838 (2) (166 SE 220). See also "*Utica Mut. Ins.
Co. v. Winters*, 77 Ga. App. 550 (48 SE2d 918) (1948) (employer engaged in the automobile
business, the gasoline business and farming); *Free v. McEver*, 79 Ga. App. 831 (54 SE2d 372)
(1949) (employer engaged in meat packing business as well as agriculture)." (Emphasis
omitted.) *Glen Oak's Turf v. Butler*, 191 Ga. App. 840 (383 SE2d 203).

tions. See Hiers & Potter, Ga. Workers' Compensation — Law & Practice (2nd ed.), § 2-2.2; and Larson, Law of Workmen's Compensation, 1C § 53.30 et seq. Accordingly, the trial court erred in assessing attorney fee damages against Crider and J & C pursuant to OCGA § 34-9-108 (b) (1). This part of the trial court's judgment is hereby reversed.

 *Judgments affirmed in part and reversed in part. Beasley and Smith, JJ., concur.*

DECIDED JUNE 16, 1997 —
RECONSIDERATIONS DENIED JULY 29, 1997 — 

Tillman, McTier, Coleman, Talley & Newbern, George T. Talley, for appellant (case no. A97A0675).

Brown & Livingston, Charles H. Brown, Jeffrey S. Akins, for appellants (case no. A97A0676).

Evans & Brantley, William V. Evans, for appellee.